DICK HEWITT, LUM HEWITT AND MOSS HEWITT, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  By the common law an accused had the right to be tried in the county in which the offence was alleged to have been committed, where the witnesses were supposed to be accessible, and where he might have the benefit of a good character, if he had established one there, but if an impartial trial could not be had in such county it was the practice to change the venue to some other county where such trial could be obtained. The right of trial in the county where the offence is alleged to have been committed, when an impartial jury can there be had, is secured to the accused by section II, Declaration of Rights, Constitution of 1885, but it is not the design of this provision to force a trial in a county where an impartial jury cannot be obtained, as to do so would defeat the greater and more important right of a speedy trial by an impartial jury.

2.  The statutes in force in this State in reference to change of venue in criminal cases without the consent of the accused (sections 2928 and 2929, Revised Statutes, and chapter 4394,

laws of 1895), authorize the court to direct a change of venue when an impartial jury cannot be secured in the county where the offence is alleged to have been committed, and limiting their meaning to authorize the change without the consent of the accused when it is imposible to secure an impartial jury in the county where the offence was committed, they are constitutional.

3. An accused may, under statutes in this State, be convicted as an accessory before the fact to murder in the second degree.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the court.

*Wills & Long, D. M. Gornto* and *John E. Hartridge* for Plaintiffs in Error.

*William B. Lamar,* Attorney General, for the State.

MABRY, J.

In October, 1898, plaintiffs in error, Dick Hewitt and Lum Hewitt, were indicted in Bradford county for the murder of J. T. Johnson, and plaintiff in error, Moss Hewitt, and one Minnie Hewitt were jointly indicted with them as accessories before the fact of said murder. Upon a trial of the case in Bradford county in January, 1899, the jury acquitted Minnie Hewitt and disagreed as to the other defendants. The case came on for trial at another term of court in Bradford county, held in October, 1899, and after the exhaustion of two special veniries, one for one hundred jurors and the other for twenty-five, and the issuance of another for thirty jurors, the court

made the following order, viz: "Came again the defendants, each in his own proper person and attended by his counsel, whereupon, it appearing to the court that a qualified jury can not be obtained in this county to try said case, now, therefore, it is considered that said case be and the same is hereby transferred and the venue changed to the Circuit Court of Duval county for trial." The order further provided for the transmission of the necessary papers to Duval county. It appears from a transcript of the proceedings in Bradford county that in addition to the regular panel of jurors for the terms when the indictment was found and when the mistrial occurred, a special venire of one hundred jurors was served for the last mentioned term. When the court made the order changing the venue on the unsuccessful effort to obtain a jury, it appears that defendants neither requested it nor interposed any objections thereto.

The case came on for trial in Duval county without any objection on the part of defendants, and thereupon Dick Hewitt and Lum Hewitt were convicted of murder in the second degree, and Moss Hewitt was convicted of being accessory before the fact of said offence.

From the judgment of the court imposing the sentences of the law upon the defendants, writ of error has been sued out by them, and two grounds of error are presented for consideration, viz: First, the court erred in changing the venue from Bradford county; second, Moss Hewitt should be discharged because under the laws of Florida a party cannot be convicted as being an accessory before the fact to murder in the second degree.

Our present constitution, section 11, Declaration of Rights, declares that "in all criminal prosecutions the

accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed." This provision was not contained in the constitution of 1868. Section 2358 Revised Statutes provides that "all criminal causes shall be tried in the county where the offence was committed, except when otherwise provided by law." It is provided in section 2928 Revised Statutes that "the judge of the Circuit Court may order a change of venue in all criminal cases, when he shall be satisfied that it is impracticable to get a qualified jury to try the same in the county in which the crime was committed," and the change hereby authorized may be ordered as provided in section 2929 "upon the application either of the prosecuting attorney or of the defendant upon affidavit setting forth the necessity for such change." By Chapter 4394, laws of 1895, it is enacted "that whenever it shall be made to appear to the satisfaction of the presiding judge of any of the Circuit Courts of this State that the venue of any cause, civil or criminal then pending in such court, should for any of the grounds now prescribed by law be changed, it shall be in the power and discretion of such judge to change the venue of such cause, civil or criminal, as the case may be, from the Circuit Court of the county where such cause is at the time pending to the Circuit Court of any other county within the same circuit, but said judge shall not be compelled to transfer said cause to any adjoining county." Other provisions as to transfer of causes need not be mentioned. The provision in our constitution in reference to the right of trial by an impartial jury in the county where the crime is committed is an important one to the accused. At common law a defendant had a right to be tried in the county

in which the offence was alleged to have been committed, where he was surrounded by the influences of a good character if he had established one, and where the witnesses were accessible for the purposes of a trial. If an impartial trial could not be had in such county, the practice was to change the venue to some other county where such trial could be obtained. The abuse of the right to change the venue to the detriment of the accused would be serious to him, and no doubt constitutional provisions like ours were designed to permanently secure this right of trial by an impartial jury in the county where the offence is alleged to have been committed. Some courts have held that the guaranty is not only of an impartial trial, but also a trial in the county where the offence was committed, and that it was not competent for the legislature to provide for a transfer to another county for any cause without the consent of the accused. Armstrong v. State, 1. Cold. 337; Kirk v. State. Ibid, 344; State v. Knapp, 40 Kan. 148, 19 Pac. Rep. 728. Where a trial by an impartial jury can be secured in the county where the crime is committed, the accused can not be deprived of a trial there, even under sanction of legislative action. If he applied for a change of venue and it be granted on his request, it may very properly be said that he has waived the right and no question can arise in reference to it. We do not think it was the purpose of the framers of the constitution to force a trial in a county where an impartial jury can not be had, as to do so would defeat the greater and more important right of a speedy and public trial by an impartial jury. State v. Miller, 15 Minn, 344. Our statute is comprehensive enough to authorize the court to direct a change of venue when an

impartial jury can not be secured in the county where the offence is alleged to have been committed, and limiting it to the impossibility of securing an impartial jury in that county, we think it is constitutional. It is not contended in this case that an actual necessity for the change did not exist when the order changing the venue was made. The only point of contention under this head is that the law authorizing the change was unconstitutional. The record clearly indicates that the trial court put the question of obtaining an impartial jury in Bradford county to actual test, and in such a case we do not conceive that the provision of our constitution was intended as a barrier against the change. The act of the legislature may and should have effect in so far as it does not conflict with the constitution, and to the extent of authorizing a change under circumstances disclosed in this case we are of opinion that there is no conflict. Care should, however, always be exercised to avoid any deprivation of the right of the accused to his constitutional mode of trial in applications to change the venue without his consent.

The only other point presented is that Moss Hewitt could not, under our laws, be convicted as an accessory before the fact to murder in the second degree. We are of a contrary opinion. Our statute provides that "whoever counsels, hires or otherwise procures a felony to be committed, may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction." Section 2355 Rev. Stats. Murder in the second degree is a felony under our statute, and we have always held that a party may be indicted and convicted of an assault with intent to commit this degree of homicide. Knight v. State, 42 Fla. 546, 28 South. Rep.

759. It was directly held in Jones v. State, 13 Texas 168, S. C. 62 Am. Dec. 550, that murder in the second degree admits of accessories before the fact, and we are satisfied that such a ruling is correct under our statutes.

Finding no error in the points presented, the judgment must be affirmed, and it is so ordered.