JAMES F. O'BERRY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Section 11 of the Declaration of Rights of the Constitution of 1885 secures to one accused of crime the right to a speedy and public trial by an impartial jury in the county where the crime was alleged to have been committed.

2. The provision in the Constitution of 1885 in reference to the right of trial by an impartial jury in the county where the crime was committed is an important one to the accused, and such an important right must not be lightly treated.

3. Sections 2928 and 2929 of the Revised Statutes of 1892 and chapter 4394, laws of 1895, in so far as they authorize the court to direct a change of venue when an impartial jury can not be obtained in the county where the crime is alleged to have been committed, upon the application of either the prosecuting attorney or of the defendant, are constitutional.

4. Where an application for a change of venue in a criminal cause is made by the prosecuting attorney and the accused objects to the granting of the same, the better practice is to put the matter to an actual test.

5. Where an application for a change of venue in a criminal cause is made by the prosecuting attorney, said application being supported by affidavits, and no actual test of the matter is had, the same should be denied unless said affidavits fully, clearly and positively set forth such facts as to make it appear to the satisfaction of the trial judge that it is impossible to obtain an impartial jury to try the accused in the county in which the crime was committed.

6. Section 2918 of the Revised Statutes of 1892 applies to views of personalty as well as of realty, but said statute should be strictly construed and the view ordered thereunder should be a view pure and simple.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Brevard county.

*Statement.*

The plaintiff in error (hereinafter referred to as the "defendant"), at the fall term, 1902, of the Circuit Court for Osceola county, was indicted for the larceny of certain cattle, on the 9th day of April, 1903, at an adjourned term of said court, the defendant was arraigned upon said indictment and pleaded thereto not guilty. On the 10th day of April, 1903, the State Attorney for said circuit filed the following motion for a change of venue of said cause.

"Now comes the State of Florida, by James D. Beggs, State Attorney, for the Seventh Judicial Circuit of the State of Florida, and moves for a change of venue of the above entitled cause, because he does not believe that it will be practicable to have a fair and impartial trial of said cause in the county of Osceola, for the reasons following, to-wit: That in the county of Osceola there are only about six hundred persons qualified to serve as jurors in said county.

Second, that at the recent primary election held in said county the defendant was a prominent candidate for the legislature from said county; that during such primary the defendant was charged with the larceny of an animal, and such charge was discussed in the primary; that the primary was held in July, 1902, and that shortly after such primary a preliminary hearing was had in such case, and a great deal of interest was manifested in said cause, and the same was discussed generally throughout the county; that sometime after the preliminary hearing mentioned the present charge was made against the defendant, but no legal proceedings were had upon the same except that of a suit in replevin by one Needham Rowland, who claimed the cattle involved in this case; that the replevin suit was discussed and the facts in the replevin suit are practically the same facts involved in this cause; that these facts were discussed by a great many people prior to the fall term of this court, held in this county in 1902, when the indictment was found; that at the fall term, 1902, the indictment was found in this case, and another indictment was found against the defendant for the larceny of an animal; that a large number of persons were in attendance upon the term of the court, and the cases were fully discussed by the people in attendance upon the court; that later during the same term of the court the other case was tried and number of persons were summoned to attend as jurors and witnesses in both cases, and that on account of the prominence of the defendant and the gravity of the cases they

were generally discussed by the public, and considerable interest and feeling manifested by the friends of both the defense and the prosecution; that after the adjournment of the court, to-wit: in December, 1902, the case of replevin between Needham Rowland and Jonathan Strickland over the cattle involved in this case was tried in said county, and a great deal of interest was manifested in the same by the parties and their friends, and a large number of witnesses testified in said cause and considerable time taken in the trial of same; that in the trial of such cause it developed that Needham Rowland claimed the cattle under a purchase from the defendant, James Frank O'Berry, and his right to the property depended upon the right of the defendant to the same; that witnesses in said cause reside in various parts of the county, and that said cause and the facts involved in this cause have been discussed generally throughout the county, and that many of the best citizens of the county are particular friends of the prosecution and defense respectively, and feel much interest in the case, and have taken much interest in the same, and have discussed it on many occasions, and that the feelings of the people throughout the county have to a large extent become involved in said cause.

(Signed) JAMES D. BEGGS, State Attorney."

In support of said motion the State filed, in addition to the affidavit of the State Attorney accompanying said motion, three other affidavits from Jonathan Strickland, J. W. Harwell and E. L. Lesley, all of said affidavits being substantially in the same form, the affidavit of the said Jonathan Strickland being as follows:

"State of Florida,⎱
County of Osceola. ⎰

Before me personally came Jonathan Strickland, who, being duly sworn, says he is a citizen of the county of Osceola and State of Florida; that he is fully acquainted with the case of the *State of Florida v. James F. O'Berry;*

that recently in the County Judge's court of Osceola county, Florida, the case of *Needham Rowland v. Jonathan Strickland,* in an action of replevin, was tried, and as the case involved the cattle in question, and upon which the State's case against James F. O'Berry is based, and the same witnesses are in both cases, the testimony in the State's case will be the same. In the case before the County Judge the jury was composed of men from various parts of the county, and the witnesses are from nearly every section of the county. He further states that the defendant, James F. O'Berry, was recently a candidate for representative, and on account of the prominence given him by that race the evidence has been generally discussed and the case talked. Affiant further states that on account of this discussion of the case and of the number of witnesses and prominence of the defendant caused by the race above mentioned, that it will be impracticable to obtain a jury in the county to try the case in a fair and impartial manner.          (Signed) JONATHAN STRICKLAND.

Sworn to and subscribed before me this — day of April, 1903.          JNO. M. LEE, Clerk,
By W. R. JOHNSTON, D. C."

On the same day the following order was made by said court on said motion: "In Circuit Court, 7th Judicial Circuit of Florida, Osceola County, Adjourned Spring Term, 1903. *The State of Florida v. James Frank O'Berry.* Larceny of Animals. The defendant James Frank O'Berry being in open court. This day this cause came on to be heard in open court upon the motion and application of the State Attorney of the Seventh Judicial Circuit of Florida for a change of venue, and the court being by said motion and accompanying affidavit informed in the premises, and being satisfied that it is impracticable to get a qualified jury to try said cause in the county of Osceola, the county in which said crime is alleged to have been committed, it is ordered that the application of the State

Attorney aforesaid be granted, and that a change of venue be had to the county of Brevard, State of Florida.

Done and ordered in open court this 10th day of April, A. D. 1903, the accused being present in open court, to which order the defendant did then and there except.
(Signed) MINOR S. JONES, Judge."

The defendant objected to the granting of said motion and duly excepted to the order of the court thereon.

On the 29th day of April, 1903, at a term of court held in and for the said county, the defendant filed a plea to the jurisdiction of the court, wherein he again questioned the validity of the order transferring said cause for trial from the Circuit Court for Osceola county to the Circuit Court for Brevard county. To this plea the State interposed a demurrer, which was sustained. A trial was then had, which resulted in a verdict of guilty, and the defendant was sentenced to confinement at hard labor in the State prison for the period of two years.

The defendant also filed a motion in arrest of judgment, wherein the validity of the order of said transfer was again questioned, which motion was denied by the court. From this judgment and sentence so imposed by the court the defendant seeks relief here by writ of error, assigning forty-three errors. However, in view of the conclusion which we have reached, it is unnecessary for us to set forth the evidence or to consider the errors in detail.

*Bryan & Bryan* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

SHACKLEFORD, J. (*after stating the facts*).—The first, second, third and fourth errors assigned are all based upon the order made by the court granting the motion of the State Attorney for a change of venue of said cause from the Circuit Court for Osceola county, in which said county

the indictment was found and wherein the defendant re-
sided, to the Circuit Court for Brevard county. The forty-
third error assigned is based upon the overruling of the
defendant's motion in arrest of judgment. All of these
assignments may be considered together.

Section 11 of the Declaration of Rights of our present
constitution, which was adopted by the constitutional con-
vention of 1885, and went into effect on the first day of
January, 1887, reads as follows: "In all criminal prosecu-
tions the accused shall have the right to a speedy and public
trial, by an impartial jury, in the county where the crime
was committed, and shall be heard by himself, or counsel,
or both, to demand the nature and cause of the accusation
against him to meet the witnesses against him face to face,
and have compulsory process for the attendance of wit-
nesses in his favor, and shall be furnished with a copy of
the indictment against him."

Section 2358 of the Revised Statutes of 1892 is as
follows: "All criminal causes shall be tried in the county
where the offense was committed, except when otherwise
provided by law."

Sections 2926, 2927, 2928 and 2929 of said Revised
Statutes are as follows:

2926. "Change of venue may be had only in the Cir-
cuit Court and in cases cognizable therein, and when the
venue is changed from the Circuit Court of a county, it
shall be changed only to a county in which the Circuit Court
has by law cognizance of the case."

2927. "When it shall appear to the satisfaction of the
court by affidavit that a fair and impartial trial can not be
had in the county where the crime was committed, the
court may direct the accused to be tried in some adjoining
county where a fair and impartial trial may be had, but
the accused shall be entitled to but one change of the place
of trial."

2928. "The judge of the Circuit Court may order a
change of venue in all criminal cases, when he shall be

satisfied that it is impracticable to get a qualified jury to try the same in the county in which the crime was committed."

2929. "The change of venue provided for in the last two sections may be ordered upon the application either of the prosecuting attorney or of the defendant, upon affidavit setting forth the necessity for such change."

Chapter 4394 of the laws of Florida, approved June 1, 1895, and found on page 159 of the acts of 1895, reads as follows:

"Section 1. That whenever it shall be made to appear to the satisfaction of the presiding judge of any of the Circuit Courts of this State, that the venue of any cause, civil or criminal, then pending in such court, should for any of the grounds now prescribed by law, be changed, it shall be in the power and discretion of such judge to change the venue of such cause, civil or criminal, as the case may be, from the Circuit Court of the county where such cause is at the time pending to the Circuit Court of any other county within the same circuit—but said judge shall not be compelled to transfer said cause to an adjoining county.

Sec. 2. That whenever the venue of any cause, civil or criminal, pending in any of the Circuit Courts of this State, shall have been once changed from the Circuit Court of the county where said cause was originally instituted to the Circuit Court of some other county in the same circuit, and it is afterwards made to appear to the satisfaction of the presiding judge of such last named court, that any of the grounds now prescribed by law, for a change of venue, exist in and apply to said last mentioned county, it shall be within the power and discretion of the presiding judge of such court to grant a second change of venue of said cause, and to transfer the same from the Circuit Court of the county where said cause is then pending to the Circuit Court of any other county in said circuit, in the same manner, and under the same rules and practice that governed the change of venue of said cause, in the first instance.

provided that said cause shall not be returned to the county from which it was originally transferred.

Sec. 3. That all laws and parts of laws in conflict with this act be, and the same are hereby repealed.

Sec. 4. That this act shall take effect immediately upon its passage and approval by the governor."

The above cited section of the Declaration of Rights in the constitution and all of the above cited statutes were before this court for consideration and construction in the case of *Hewitt v. State,* 43 Fla. 194, 30 South Rep. 795. The second headnote of the opinion in that case is as follows: "The statutes in force in this State in reference to change of venue in criminal cases without the consent of the accused (sections 2928 and 2929, Revised Statutes, and chapter 4394, laws of 1895), authorize the court to direct a change of venue when an impartial jury can not be secured in the county where the offense is alleged to have been committed, and limiting their meaning to authorize the change without the consent of the accused when it is impossible to secure an impartial jury in the county where the offense was committed, they are constitutional."

We are of the opinion that the conclusion reached in said case and the principles enunciated in the opinion rendered therein are correct. Applying those principles to the case at bar, what do we find? In the case of *Hewitt v. State, supra,* the defendants therein did not interpose any objections to the order made by the court transferring said cause and changing the venue from the Circuit Court for Bradford county to the Circuit Court for Duval county, and neither did said defendants make any objections when the case came on for trial in the Circuit Court for Duval county. In the case at bar the defendant not only objected in the Circuit Court for Osceola county to the granting of the motion on behalf of the State for a change of venue, duly excepting to the order so made by the court, but, when the case was called for trial in the Circuit Court for Brevard county, again questioned the validity of said order

of transfer by interposing a plea to the jurisdiction of the court, to which plea the demurrer of the State was sustained. Again, after his conviction by the jury, the defendant renewed his objections to the validity of said order by filing and presenting a motion in arrest of judgment, which was overruled by the court. It would seem, then, that the defendant in the case at bar had made his objections to and registered his protests against the change of venue in every way that he well could.

Another important distinction exists between the case of *Hewitt v. State,* and the case at bar. In the Hewitt case there had been one trial of the defendants, which resulted in the acquittal of one of them and a disagreement as to the other two defendants. At another trial, at a subsequent term of the court, after the exhaustion of two special venires, one for one hundred jurors and the other for twenty-five, and the issuance of another for thirty jurors, the court *then* made an order, transferring the cause and changing the venue to the Circuit Court for Duval county, reciting therein that "it appearing to the court that a qualified jury can not be obtained in this (Bradford) county to try said case." We find in the Hewitt case that no order was made by the court for a change of venue until after the matter had been put to *an actual test,* and *then* it had been made to appear to the satisfaction of the court that a qualified jury to try said defendants could not be obtained in Bradford county. It also must have so appeared to the satisfaction of the defendants and their counsel, since, as we have seen, they interposed no objections to said order and did not question its validity. In the case at bar *no actual test* was made and the only foundation laid for the change of venue was the affidavit of the State Attorney to the motion filed by him to the effect that "*he* does not believe it will be practical to have a fair and impartial trial of said cause in the county of Osceola," for the reasons stated in his affidavit, and the affidavits of three other persons to the effect "that

it will be impracticable to obtain a jury in the county to try the case in a fair and impartial manner," for the reasons set forth in their respective affidavits. It appears from said motion and affidavits that, at the time said order for a change of venue was made, there were about six hundred persons qualified to serve as jurors in Osceola county, and nowhere and in no way was it made to appear how many of the said six hundred persons so qualified as jurors were disqualified to serve as jurors in the case at bar. Assuming that all of the facts recited in said motion and affidavits were literally true, still no sufficient showing was made to the court that a fair and impartial trial could not have been had in Osceola county. The facts that the defendant was a man of considerable prominence in said county, had recently been a candidate for the legislature therefrom, that during the primary in which he was a candidate he had been charged with the larceny of an animal and such charge had been discussed in the primary, that shortly after the holding of said primary there had been a preliminary trial of the defendant on said charge, that said preliminary trial was discussed generally throughout the county, that a suit in replevin involving the ownership of the cattle, with the larceny of which cattle the defendant was charged in the indictment in the instant case, had been brought in the county judge's court, prior to the fall term of the Circuit Court held in said county for 1902, when said indictment was found, that another indictment had also been found at said term of court against the defendant, which action founded on the other indictment had been tried during said term of said Circuit Court, that after the adjournment of said court said action of replevin had been tried in said county judge's court, that a large number of persons from different parts of the county had been in attendance upon said courts at said trials, that a large number of witnesses had testified therein, that said trials and the facts involved therein had been discussed generally throughout the county, that many of the best citizens of

said county were particular friends of the prosecution and defense respectively and felt much interest in the case, all taken together and given their strongest import, fall short of establishing or leading to the conclusion that a fair and impartial trial of the defendant might not have been had in Osceola county. It was not made to appear to the trial court, and we are in no way apprised, how many of the six hundred jurors in said county were disqualified from acting as jurors in the case at bar. The fact that it might have been difficult or would have consumed considerable time to have procured a qualified jury to have tried the defendant is not sufficient to warrant a change of venue, against the consent of defendant. As was said in the case of *Hewitt v. State, supra,* text 197, "The provision in our constitution in reference to the right of trial by an impartial jury in the county where the crime is committed is an important one to the accused." This being true, such an important right must not be lightly treated. We are of the opinion that the court committed error in granting the motion and ordering a change of venue. In addition to the authorities cited in the case of *Hewitt v. State, supra,* see Abbott's Trial Brief, Criminal Causes (2nd ed.), 83, 84, and authorities cited in note.

Having found this error, which is clearly reversal-compelling, we might well decline to consider any of the other errors assigned. However, as there will have to be another trial of the case, we think it proper to express our views upon another point which forms the basis for several assignments.

During the trial of the case the State moved the court that the jury be taken to view the cattle, the alleged larceny of which by the defendant formed the basis of the indictment, concerning which certain witnesses had previously testified during said trial, and that certain named witnesses be taken and called one at a time to identify said cattle that they had spoken of in their testimony and to point out said cattle to the jury. To the granting of this

motion the defendant objected on several grounds, all of which said objections were overruled. The court and jury and officers of the court then adjourned to the lot where said cattle were confined, and various and sundry proceedings were then and there had which we deem it unnecessary to set forth in detail. Other views of said cattle were also granted by the court during the trial of said cause, at the instance of the State and over the objections of the defendant, but we see nothing to be accomplished by setting forth the details connected therewith. It is strenuously contended here by counsel for defendant that section 2918 of the Revised Statutes of 1892 does not apply to a view of personal property. Said section reads as follows: "The court may order a view by the jury." As is said in the case of *Garcia v. State,* 34 Fla. 311, text 334, 16 South. Rep. 223, "our statute is so meager that it furnishes no guide to the manner of making the view permitted by it." However, on examination, we find that said section originally formed section 6 of sub-chapter 13 of chapter 1637, which was approved August 6, 1868, and is found on page 107 of the acts of 1868. We also find that at the same session of the legislature chapter 1628 was enacted, section 28 of which reads as follows: "The jury may, in any case, at the request of either party, be taken to view the premises or place in question, or any property, matter, or thing relating to the controversy between the parties, when it shall appear to the court that such view is necessary to a just decision: *Provided,* The party making the motion shall advance a sum sufficient to defray the expenses of the jury and the officers who attend them in taking the view, which expense shall afterwards be taxed like other legal costs, if the party who advanced them shall prevail in the suit." Said section was approved August 1, 1868, and is brought forward into the Revised Statutes of 1892 as section 1087. This section is sufficiently broad to embrace personalty as well as realty and, having been enacted at the same session of the legislature only a few days before said

chapter 1637 was enacted, we must assume that the law-making body had its provisions in mind at the time of the enactment of said chapter 1637. If this be true, then we are warranted in reaching the conclusion that the view named in said section 6 applies to personalty as well as realty. As was further said, however, in *Garcia v. State,* "it should be a *view* pure and simple." We fully approve of what is said in the cited case as to the proper course to be pursued by the trial court in ordering a view in criminal cases and the safer practice would be to follow the course therein pointed out. We deem it unnecessary to discuss at greater length the assignments of errors predicated upon the views ordered in the case at bar and of the proceedings had in connection therewith.

From what has been said it follows that the judgment must be reversed, and a new trial awarded, and the cause remanded for such further proceedings as may be conformable to law and consistent with this opinion.

HOCKER, COCKRELL and CARTER, JJ., concur.

WHITFIELD, J., disqualified, took no part in the consideration of this case.

TAYLOR, C. J., absent on account of sickness.