179 So.2d 606 (1965)
Russell RHODEN, Appellant,
v.
STATE of Florida, Appellee.
No. G-315.
District Court of Appeal of Florida. First District.
November 2, 1965.
*607 C.A. Avriett, Jasper, for appellant.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
On June 12, 1964, the appellant here, but who will be referred to hereafter in this opinion as the defendant, was indicted by the grand jury of Hamilton County, Florida, for assault with intent to commit murder of Charlie Rhoden.
Defendant entered plea of not guilty by reason of insanity at the time of committing the offense, and the case was set for trial for February 22, 1965. The court drew a panel of fifty jurors from the jury box which contained 261 names. The Sheriff, who was the brother of the defendant and the person upon whom the assault is alleged to have been made, served notice on 40 of the prospective jurors, making a return that 10 could not be found. The court excused 5 more jurors, of its own volition for good causes, leaving a panel of 35 jurors. The case was called for trial on February 22, 1965, and the panel of jurors was exhausted with 5 jurors tentatively accepted. The State then made oral motion for change of venue, which was granted. On February 23, 1965, the State attorney then filed his written motion for change of venue, which merely set up the fact that the parties were prominent in the county and that the case had been widely discussed and that it would be impossible to eliminate from the minds of the jury selected to try the case.
No reason is stated in the written motion why the required notice of ten days was not given. The statement contained in the motion "That the Court has made an effort to secure a jury out of 38 members, and it developed that a jury was unable to be obtained * * *" is the nearest allegation of good cause shown for failure to file the motion ten days prior to trial date. F.S. 911.03, F.S.A. The allegations of the motion, other than the above quoted portion, related facts which were known to the State attorney for many years and therefore can not be said to be "good cause" for not filing ten days before trial.
§ 11, Declaration of Right of Florida Constitution, F.S.A. provides that the "accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed * * *"
Florida Statutes 910.03, F.S.A. provides "In all criminal prosecutions the trial shall be in the county where the offense was committed unless otherwise provided by law."
Section 11, Declaration of Rights, does not afford any change of venue, nor does the constitution elsewhere provide for such change and therefore a statute authorizing a deviation from the constitutional guarantee should be strictly construed and the constitutional right set forth in § 11, Declaration of Rights, jealously guarded. Nothing should be left to presumption.
In O'Berry v. State, 47 Fla. 75, 36 So. 440 (1904) the Supreme Court of Florida, discussed § 11, Declaration of Rights of the Constitution of 1885, and said the provision thereof should not be treated lightly. In this case, the State Attorney had made an affidavit alleging reasons why he thought an impartial jury could not be obtained in Osceola County, and accompanied same with affidavit from three other persons. There were 600 persons qualified to serve as jurors in said county and it was not made to appear how many of said 600 were disqualified to serve as jurors in that case. The court there held, that assuming that all the facts recited in said motion and affidavits were literally true, still no sufficient showing was made to the court that a fair and impartial trial could not have been had in Osceola County. The Court further stated in said cause:
"The fact that it might have been difficult or would have consumed considerable time to have procured a *608 qualified jury to have tried the defendant is not sufficient to warrant a change of venue, against the consent of the defendant." The trial court was reversed.
While it is well settled law in Florida that an application for a change of venue is addressed to the sound discretion of the court, Haddock v. State, 141 Fla. 132, 192 So. 802 and cases cited therein, and its rulings will not be disturbed unless it appears from the facts presented that the court abused its discretion, we feel that the facts in the case at bar fall directly within the facts in O'Berry v. State, supra, and that a proper showing of inability to procure an impartial jury in Hamilton County was not made. Therefore, the trial court in Hamilton County having been in error in granting the change of venue to Columbia County, the judgment of the trial court in Columbia County must be reversed, and a new trial awarded, and the cause remanded for such further proceedings as may be conformable to law and consistent with this opinion.
RAWLS, C.J., and STURGIS, J., concur.