WIGGINTON, Judge
(dissenting).
I am of the view that in the light of two mistrials of this case and the overwhelming evidence before the court tending to establish the impossibility of securing a fair and impartial’trial of appellant in Escambia County where the crime is alleged to have been committed, the trial court acted well within the scope of its discretion and jurisdiction in ordering that the venue of the case be changed to Duval County. The two mistrials together with the affidavits *566 and supporting evidence before the court were in my opinion an adequate test of the issue, and I find nothing in the record to indicate that the trial court abused its discretion or deviated from the requirements of Rule 1.240, Rules of Criminal Procedure, 33 F.S.A.,[1] in granting the change of venue.
Because of the difference in the factual situation existing in this case and that in Rhoden v. State,[2] it is my view that the Rhoden case is not authority for the majority opinion rendered herein. Petitioner’s sole contention is that the trial court should have impaneled a venire and made an actual test of whether an impartial jury could have been selected before holding that a fair trial could not be had in Escam-bia County. The necessity for impaneling a jury as a test of the issue is not an essential step in the proceedings to determine whether the motion for change of venue should be granted. I would therefore affirm the order appealed herein.

. Rule 1.240, Cr.P.R., Change of Venue.
“(a) The state or the defendant may move for a change of venue on the ground that a fair and impartial trial cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge.
:!i :!: ■-]: * :|;
“(d) The court shall consider the affidavits filed by all parties and receive evidence on every issue of fact necessary to its decision. If the court grants the motion it shall make an order removing the cause to the court having jurisdiction to try such offense in some other convenient county where a fair and impartial trial can be liad.”

. Rhoden v. State, (Fla.App.1965) 179 So.2d 606.