Mr. Justice VanValkenburgii
delivered the opinion of the court.
The record in this case contains two separate and distinct indictments found against King Curry and Thomas Thompson, at the Orange county special term, A. D., 1873. One of these indictments is for fraudulently altering the marks and brands of certain animals, the property of one Streete Parker, and contains also a count for larceny; tlio other is for a like offence in changing marks and brands of animals, the property of John Parker, and also contains a count for larceny. The indictments commence alike, and in the following manner:
“Orange county, to-wit: The grand jurors of the State of Florida, empanelled and sworn to inquire and true presentment make in and for the body of the counties of Orange and Brevard, in the State aforesaid, upon their oaths,” &c. They appear to have both been filed at the same time, October 31, 1873. The record then shows that on the first of March,-1878, the case came on for trial in Brevard county. That on'motion of the State Attorney, “it was ordered that there be a severance in the trials of the defendants in the case of The State of Florida vs. King Curry, Thomas Thompson.” It was also on like motion “ordered that a nolle posequi enter on the count in the indictment charging larceny as against King Curry.” Curry was then arraigned, plead not guilty, was tried, found guilty, and sentenced to five years in the penitentiary. There is no- bill of exceptions in the case and none of the evidence produced in the court below is before us. It does not appear in any way that the place of trial was ever changed from the county of Orange to the county of Brevard, nor is there any evidence embodied in the record to enable this court to determine upon which of the two indictments the plaintiff in error was tried and convicted.
Chapter 1637, laws of 1868, sub-chapter 13, §14, provides that “whenever it shall be, in the opinion of the judge, impracticable, or inexpedient to form a grand jury in any county, for the want of a sufficient number of qualified juTors therein, or on account of undue excitement ot prejudice among the people, it shall be lawful for the grand jury in any county in the same circuit to indict any person for any offence committed in the county first mentioned in this section, and the trial thereof shall proceed in the county where such indictment may be found, subject to a change of the place of trial according to law ”
It does not appear that the judge? of that judicial circuit was of the opinion that it was impracticable or inexpedient for any of the reasons mentioned to form a grand jury in *178 the count}' of Brevard, where the defendant lived, and where the offences are alleged to have been committed. If lie was of such opinion, it should have been embodied in an order and made part of the record.
Prom the record before us we cannot see that the court in Brevard county had jurisdiction to try this defendant, and the judgment for this reason must be reversed.