JOHN ASHLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed Aug. 2, 1916

1. The provision of the constitution in reference to the right of an accused to be tried by an impartial jury in the county where the crime is alleged to have been committed is an important one to the accused.

2. Where an application in a criminal prosecution for a change of venue from the county where the crime was committed, is made by the prosecuting attorney, and the accused objects thereto, the matter should be tested in some way so as to make it clearly appear that it is practically impossible to obtain an impartial jury to try the accused in that county.

Writ of Error to Circuit Court, Dade County; H. P. Branning, Judge.

Judgment reversed.

C. D. Bowen, A. J. Rose and Simon Pierre Robineau, for Plaintiff in Error;

T. F. West, Attorney General, and C. O. Andrews, Assistant, for the State.

PER CURIAM.—On September 4, 1912, John Ashley was indicted in Palm Beach County for the murder in that county of DeSoto Tiger, an Indian, on December 30, 1911. On the first trial held in June, 1914, the jury disagreed and a mistrial was declared. At a subsequent trial in November, 1914, after eleven jurors had been chosen, and pending the consideration of a motion of the State Attorney for a change of venue, the defendant escaped from the custody of the sheriff, and the jurors that had been sworn on their voir dire in the case were discharged. In March, 1915, the defendant was again put upon trial. The State Attorney renewed his motion for a change of venue and filed an aditional affidavit made by himself in support of his motion. Counter affidavits were filed for the defendant in opposition to the motion for a change of venue. The court "denied the original motion for a change of venue and announced that a test

would be made in an endeavor to obtain a fair and impartial jury for the trial of this case in Palm Beach County." A venire for eighteen talesmen was issued; sixteen were served and appeared. This panel was exhausted when two talesmen had qualified, and another venire for 110 talesmen was issued. Ninety-five were served and answered. This panel was exhausted without further addition to the two qualified talesmen, and another venire for seven was issued and served. These seven were "sworn on voir dire and examined as to their general qualifications; accepted." The motion of the State Attorney for a change of venue was again renewed, considered and granted. An exception to the ruling was taken by the defendant. At the trial in Dade County under the change of venue the defendant was convicted of murder in the first degree and took a writ of error.

The Constitution declares that "in all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed." Sec. 11, Declaration of Rights.

Statutes of the State provide as follows:

"All criminal causes shall be tried in the county where the offense was committed, except when otherwise provided by law."

"Whenever it shall be made to appear to the satisfaction of the presiding judge of any of the circuit courts of this State that the venue of any cause, then pending in such court, should be changed either because a fair and impartial trial cannot be had in the county where the crime was committed, or because it is impracticable to get a qualified jury to try the case in the county where the crime was committed, or where it appears from the examination of the books of registration of the county,

that there are not a sufficient number of registered voters to form a grand and petit jury, it shall be in the power and discretion of such judge to change the venue of such case, from the circuit court of the county where such cause is at the time pending to the circuit court of any other county within the same circuit." Secs. 3183 and 3997 Gen. Stats. of 1906, Compiled Laws of 1914.

Section 3999 General Statutes provides that the change of venue authorized "may be ordered upon the application either of the prosecuting attorney or of the defendant, upon affidavit setting forth the necessity for such change."

The provisions of the constitution in reference to the right of an accused to be tried by an impartial jury in the county where the crime is alleged to have been committed is an important one to the accused. Where a change of venue is granted at the request of a defendant he waives his right to a trial in the county where the crime was committed. But in view of the above quoted provision of the organic law, where a trial by an impartial jury can be secured in the county where the crime was committed, the accused cannot legally be deprived of a trial there, even under the sanction of a statute. Care should always be exercised to avoid any deprivation of the right of an accused to his constitutional place of trial in applications to change the venue without his consent. Hewett v State, 43 Fla. 194, 30 South. Rep. 795.

Where an application in a criminal prosecution for a change of venue from the county where the crime was committed, is made by the prosecuting attorney, and the accused objects thereto, the matter should be tested in some way so as to make it clearly appear that it is practically impossible to obtain an impartial jury to try the ac-

cused in that county. O'Berry v. State, 47 Fla. 75, 36 South. Rep. 440.

On an application by the State Attorney for a change of venue in a criminal prosecution, even though the affidavit of the State Attorney fully, clearly and positively sets forth facts that when not contraverted *prima facie* make it appear that it may be impossible to obtain an impartial jury to try the accused in the county in which the crime was committed, yet when upon a counter showing, it does not clearly and affirmatively appear that an impartial jury to try the accused cannot be obtained in the county where the crime is alleged to have been committed, the application to change the venue should be denied.

In this case while the examination of the talesmen summoned under the several venires and the affidavits of the State Attorney showed difficulty and delay in attempting to get an impartial jury in the county, there are affidavits stating that there are over 1500 persons in the county who may be subject to jury duty, and giving other facts that at least tend to indicate the practicability of getting a proper jury in the county, even though perhaps several hundred of those persons had been called in securing juries in previous trials of the accused in the county for the same offense. The showing made does not clearly and affirmatively establish the impossibility of obtaining an impartial jury in the county to try the accused on this charge. In this view the order changing the venue is an unauthorized denial to the defendant of his organic right to a trial "by an impartial jury, in the county where the crime was committed."

On another trial evidence of independent crimes in no way connected with this offense should be excluded,

and no charges should be given that are not predicated upon the evidence.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

TAYLOR, C. J. and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ. concur.