THE STATE OF FLORIDA, *ex rel.* VAN C. SWEARINGEN, AT-
TORNEY GENERAL OF THE STATE OF FLORIDA, *Relator, v.*
W. S. BULLOCK, JUDGE OF THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

Opinion filed July 10, 1918.

1. Any principle of the common law may be changed by
   Statute when the Constitution is not thereby violated.

2. Assuming that the common law required indictments to be
   found by a Grand Jury of the County where the crime was
   committed, a change of this common law rule by Statute,
   in the public interest, so as to authorize indictments under
   certain adjudged conditions to be found by a Grand Jury
   in a County of the circuit other than the one in which
   the crime was committed, is not expressly or impliedly for-
   bidden by the Constitution.

A case of original jurisdiction.

Demurrer overruled.

BROWNE, C. J., AND TAYLOR, J., dissent.

*H. E. Carter, Van C. Swearingen*, Attorney General,
and *C. O. Andrews*, Assistant, for Relator;

*H. M. Hampton* and *Richard McConathy*, for Respond-
ent.

WHITFIELD, J.—The alternative writ of mandamus is-
sued herein to the Circuit Judge alleges in effect that
certain named persons were indicted in Suwannee
County in the Third Judicial Circuit for a felony for a
violation in that County of the banking laws of the State;

8—Vol. 76.

that on motion of the defendants the causes were trans-ferred to Madison County in the same Circuit; that on motion of the defendants the indictments were in Madison County quashed; that the Acting State Attorney presented a petition alleging that "a Grand Jury is now in session in this Madison County, that there is a great projudice among the people of Suwannee County against the said parties and it is therefore inexpedient to form a Grand Jury in said Suwannee County to investigate charges at this time.

"Wherefore your petitioner prays an order of this Court authorizing the Grand Jury now in session in the Circuit Court of Madison County to investigate the charges to be presented against the said J. B. Barton, H. E. Tolar and G. S. Mobley and take such action thereon as to the said Grand Jury may appear meet and proper"; that the Court in Madison County ordered that "the above and foregoing petition being considered it is adjudged that because of prejudice existig among the people of Suwannee County, Florida, against J. B. Barton, H. E. Tolar and G. S. Mobley it is inexpedient to form a Grand Jury in said County of Suwannee to investigate criminal charges against the said J. B. Barton, H. E. Tolar and G. S. Mobley and it is ordered and adjudged that the Grand Jury now in session in Madison County, Florida, do proceed to investigate certain charges which may be brought to its attention wherein it is alleged that the said J. B. Barton, H. E. Tolar and G. S. Mobley have violated certain criminal laws of Florida in the said County of Suwannee and that the said Grand Jury do make report of its findings to this Court"; that "thereupon the Grand Jury of said Court duly empanelled and sworn, were called into Court, and in open Court the Honorable M. F. Horne, Judge of said Court, presiding,

gave to said Grand Jury a special charge regarding the matter of violations of the criminal laws of Florida in connection with the affairs of the Live Oak Citizens Bank of Live Oak, with requestion that the said Grand Jury investigate the same, as appears from the record of the minutes of said Court as follows, to-wit:

"The Grand Jury having more business before them. The Judge in open court also gave the Grand Jury a special charge regarding the matter of the Live Oak Citizens Bank of Live Oak, Fla., with a request that they investigate the same; and the Grand Jury retired to their room in charge of their sworn Bailiff to further deliberate upon their findings"; that thereafter the said Grand Jury in and for Madison County presented indictments against the named parties, the indictments stated that "the Grand Jurors of the State of Florida, inquiring in and for the body of the County of Madison, upon their oaths present that H. E. Tolar, J. B. Barton and G. S. Mobley, late of the County of Suwannee in the State of Florida, committed the offenses charged; that thereafter on motion of the defendants the Court in Madison County made the following order: "This cause coming on to be heard on defendants motion for change of venue as to each of the four indictments in the above stated cause which were at this present term of the Circuit Court in and for Madison County, presented by the Grand Jury of the State of Florida, inquiring in and for the body of the said County of Madison, and it appearing to the Court by the exhibits attached to said motion be made a part thereof to its satisfaction that a fair and impartial trial cannot be had in the County of Suwannee where the said offense is alleged to have been committed and that it is impractical to get a qualified Jury to try the said cases in said County of Suwan-

nee, and it is further impractical to get a qualified Jury in any other County in the Third Judicial Circuit and the Court being of the opinion that a fair and impartial trial cannot be had anywhere in said Circuit, it is, upon consideration thereof, ordered and adjudged that a change of venue be had in said cases and that said cases be and they are hereby moved to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida"; that the causes were duly docketed in Marion County in the Fifth Judicial Circuit; that upon motion of the State Attorney for the Fifth Judicial Circuit the Court in Madison County made the following order: "This cause came on to be heard on motion of the Honorable Geo. W. Scofield, State Attorney for the Fifth Judicial Court of Florida. From an inspection of the record, which is a certified copy of the proceedings of the Circuit Court for Madison County, it appears that a regular term begun on October 8th, 1916, that on October 10th, 1916, on motion of Honorable R. H. Buford, State Attorney, reciting that certain indictments that had been returned against the defendants in Suwannee County, Florida, where the alleged crime was committeed, had, by the Judge then holding said term in Madison County, been quashed, and suggested, upon statements made by him, that the Grand Jury then in session for Madison County, do investigate the same. On the same day in open Court in Madison County, the Judge ordered that it was inexpedient to form a Grand Jury in Suwannee County, and did direct the Grand Jury sworn to inquire in and for Madison County to investigate the same, and on the 11th day of October, 1916, the Grand Jury for Madison County presented four indictments against the persons named as in this case. There is in the record four papers apearing in form to be indictments against

the four persons named, and filed by 'D. F. Burnett, Jr., Clerk Circuit Court,' and on these same four papers are also marked, 'Filed Oct. 19th, 1917. J. W. Bryson, Clerk Circuit Court, Suwannee County, Florida,' but no other or further identification or authenticity appears.

"There is no order, or motion, in Suwannee County, adjudging or finding that it was inexpedient or impracticable to form a Grand Jury in Suwannee County, after the indictments that had been previously found in Suwannee County had been quashed in Madison County, nor any evidence, or any suggestion that there had been any evidence, shown that it was inexpedient or imprac ticable to form a Grand Jury in Suwannee County, or order transferring the case to Madison County for investigation by the Grand Jury.

"There appears a certified copy of the order of the Judge styled in the Circuit Court of Suwannee County purporting to be 'Done and ordered at Madison, Florida, 15th day of October, 1916,' and certified to by 'J. W. Bryson, Clerk of the Circuit Court in and for said County' of Suwannee, that the said order 'was duly recorded in the public records of said County in Chancery Order Book No. 2,' reciting that four indictments which were at this present term of the Circuit Court in and for Madison County, presented, which, on motion of the defendants, was transferred to the Circuit Court for Marion County, Florida.

"From these proceedings, I am of the opinion that there was no authority for the Grand Jury of Madison County to present the indictments and said matter appearing in the record, and no cause pending, or any valid proceedings to transfer to this Court, and no authority shown to authorize this Court to proceed in the trial of said cause, I decline to entertain jurisdiction thereof. It is consid-

ered and ordered that this Court is without legal power to try said case and the Clerk will transmit the entire record to the Court from which he received the same.

"Done and ordered at Ocala, Florida, in open Court, January 8th, 1918.

"(Signed) W. S. BULLOCK, Judge."

That the "respondent as Judge of the Circuit Court for Marion County, Florida, declined and refused to entertain jurisdiction of said cases and to try the same for no other reason than that respondent was of the opinion that there was no authority for the Grand Jury of Madison County to present the indictments, and that there was no cause pending or any valid proceedings to transfer to the said Circuit Court in Marion County, and no authority shown to authorize respondent to proceed in the trial of said cases."

The command of the writ is that the respondent Judge of the Fifth Judicial Circuit do "cause the said cases to be redocketed in the said Circuit Court in Marion County and that you entertain and exercise jurisdiction thereof and proceed to the trial and determination of said cases as made by the said indictments so returned by the Grand Jury of Madison County and transferred to the Circuit Court of Marion County, Florida, for trial," or show cause for not doing so.

A demurrer to the alternative writ presents questions as to the constitutional validity of the statute and the sufficiency of the proceedings under which the indictments for offences alleged to have been committed in Suwannee County were found and presented in Madison County and the causes transferred to Madison County.

The provisions of the Constitution and the statute to be considered are as follows: "No person shall be tried for a capital crime or other felony, unless on presentment

or indictment by a grand jury * *." Sec. 10 Dec. Rights. The statute is: "Whenever the Judge shall deem it impracticable or inexpedient to form a grand jury in any county for want of sufficient number of qualified jurors therein, or on account of any undue excitement or prejudice among the people, it shall be lawful for the grand jury of any county within the circuit to indict any person for crime committed in the county first mentioned, but the trial thereof shall be in the county where the crime was committed, unless the judge shall otherwise order upon motion of the defendant and on such motion the defendant may be tried in any county in the State." Chap. 7363, Acts of 1917, amending Sec. 4000, Gen. Stats.

This statute was originally enacted in 1868, and was considered in Curry v. State, 17 Fla. 683, the second headnote in the case being as follows: "When the judge is of the opinion that it is impracticable or inexpedient to form a grand jury in any county for reasons mentioned in sub-chapter 13, section 14, of Chapter 1637, Laws of 1868, to make it lawful for the grand jury of any other county in the same circuit to indict any person for any offence committed in the county first mentioned in said section, such opinion of the judge should be embodied in an order and made a part of the record in the case."

The requirement of the Constitution that the trial of a felony shall be "on presentment or indictment of a grand jury," does not limit the provision to a grand jury of the county where the crime was committed but to "a grand jury." Any principle of the common law may be changed by statute when the Constitution is not thereby violated. Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Dutton Phosphate Co. v. Priest, 67 Fla. 370,

65 South. Rep. 282; Missouri Pac. R. Co. v. Castle, 224 U. S. 541, 32 Sup. Ct. Rep. 606.

Assuming that the common law required indictments to be found by a grand jury of the county where the crime was committed, a change of this common law rule by statute, in the public interest so as to authorize indictments under certain adjudged conditions to be found by a grand jury in a county of the circuit other than the one in which the crime was committed, is not expressly or impliedly forbidden by the Constitution. See State v. Lewis, 142 N. C. 626, 55 S. E. Rep. 600, 7 L. R. A. (N. S.) 669, 9 Ann. Cas. 604

In English v. State, 31 Fla. 340, 12 South. Rep. 689; and Donald v. State, 31 Fla. 255, 12 South. Rep. 695; it was held that the provision of a statute authorizing a grand jury of less than twelve members to find an indictment is in conflict with the quoted provision of the Constitution requiring trials of felonies to be upon "indictment by a grand jury" because at common law twelve grand jurors must concur in finding an indictment. This holding does not require a determination that a statute violates the quoted organic provision when it authorizes under conditions affecting the public interests, a grand jury in one county to indict for felonies committed in another county of the circuit. A grand jury is merely the accusing body. The qualifications of its members are fixed by statute without reference to their qualifications at common law.

The above quoted provision of Section 10 of Declaration of Rights is quite unlike the provision of Section 11 of the Declaration of Rights that "in all criminal prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed." Section 10 relates in indictments

while Section 11 relates to trials. See Ashley v. State, 72 Fla. 137, 72 South. Rep. 647; O'Berry v. State, 47 Fla. 75, 36 South. Rep. 440; Hewitt v. State, 43 Fla. 194, 30 South. Rep. 795.

The State Attorney of the Fifth Judicial Circuit moved a remand of the cases on the ground that the Court in Marion County is without jurisdiction to try them, and the Court ordered the remand.

The basis of the action of the grand jury in Madison County in finding the indictments there was an order made under the statute by the Judge whose Circuit included both Suwannee and Madison Counties. The order was made in Madison County on an application by the acting State Attorney alleging that owing to great prejudice among the people of Suwannee County against the parties it is inexpedient to form a grand jury in that county to investigate the charges made against the accused.

The Judge of the Circuit embracing both counties "adjudged that because of prejudice existing among the people of Suwannee County" against the accused "it is inexpedient to form a grand jury in said County of Suwannee to investigate criminal charges against the said" parties, and "ordered and adjudged that the grand jury now in session in Madison County, Florida, do proceed to investigate certain charges which may be brought to its attention wherein it is alleged that the said" parties "have violated certain criminal laws of Florida in the said County of Suwannee and that the said grand jury do make report of its findings to this Court." This order made in Madison County by the Judge whose Circuit included both Suwannee and Madison was a sufficient basis for the action taken by the grand jury in Madison County under the statute above quoted.

The transfer of the cases to Marion County in the Fifth Judicial Circuit was at the instance of the defendants pursuant to the statute.

Under the indictments as found and the transfer of the cases under the statute, the Judge of the Fifth Judicial Circuit in Marion County has jurisdiction to try the cases and to adjudge the sufficiency of the indictments.

The demurrer is overruled.

ELLIS AND WEST, J., concur.

BROWNE, C. J., AND TAYLOR, J., dissent.