SHANNON, Chief Judge.
Appellant seeks to have reviewed his conviction and sentence on a charge of rape. On the jury’s recommendation of mercy he received ten years confinement at hard labor.
The appellant was 17 at the time of the alleged rape and the prosecuting witness was 12. From the record, it appears that the appellant and a girl friend of his, along with the prosecuting witness and a boy friend of hers, were driving in and around Fort Myers on the evening of May 13, 1960. It also' appears that the appellant had drunk some beer and had purchased a half-pint of whiskey. The prosecuting witness testified that she had no drinks. After the girl friend of the appellant had gone home, leaving the other three in the car, it appears that appellant drove to a dead-end street on which there were no houses. At the time that he stopped the car he, the other boy, and the prosecuting witness were on the front seat. According to the record, the appellant then climbed into the back seat and took off his shirt and invited the prosecuting witness to come back with him. She testified that he had made some risqué remarks to her, but she was not interested in getting into the back seat with him. She also testified that when she refused to get into the back seat he seized her and started pulling her back. At the time, the other boy, who was also 17, grabbed the appellant’s arm and struggled with him. According to his testimony as well as that of the prosecuting witness, she asked him to get somebody to help, and he then left. She testified that all of this time she was fighting the appellant and screaming. While the other boy was away from the car she was raped. The length of time that this boy was gone is not certain, though it was apparently about 15 minutes. When the boy returned with the deputy sheriff the appellant was sitting on the front seat and the prosecuting witness was on the back seat and was entirely disrobed. She was taken to the hospital and a physical examination was given her by an obstetrician and gynecologist, who testified at the trial. The appellant was arrested at the time and taken to jail, where the next day he signed a statement transcribed by the deputy sheriff in which he explained how he had raped the prosecuting witness. There was a question about getting the statement into evidence because of the appellant’s charge that it was not freely given. It was allowed, however.
*353 According to the physician s testimony, when he examined the prosecuting witness some four or five hours after the alleged rape, he found her bleeding, and, according to his testimony, there had been penetration. He also testified on cross-examination that he could not positively say that it was rape, yet at the same time he gave it as his opinion that it was. Also, in the testimony, there was evidence that the prosecuting witness had bled on a pair of shorts that she was wearing that night, and the shorts were introduced into evidence.
At the trial the appellant testified that the prosecuting witness allowed, and helped, him to remove her clothes, and that there had been no intercourse, stating that he had only used his fingers. On his appeal the appellant questions whether the evidence was sufficient to support the conclusion that beyond every reasonable doubt he was guilty of rape, and he also maintains that the only witness to the alleged act was the prosecutrix, and she being the only witness, the jury was to rigidly scrutinize her testimony in order to avoid an unmerited conviction of the defendant.
As to the salient points of this case, there is a conflict of testimony, but such conflict has been resolved by the jury. From the record we cannot say that the appellant did not receive a fair trial, nor can we say that the court’s instructions as a whole conflicted with the law. Even without his written statement, which the court received in evidence, this court would have sustained his conviction.
The appellant seeks, by citing the case of Coker v. State, 1922, 83 Fla. 672, 93 So. 176, to convince us that “reasonable latitude should be allowed in adducing evidence to test the probative force of the testimony of the prosecutrix as to the nature and extent of the force used and as to whether consent was or was not ultimately yielded.” However, in the Coker case the Florida Supreme Court limits the statement quoted above to the case where no other person was an immediate witness to the act. In the instant case we have a corroborating witness to all the material facts in this case, except the actual rape itself. The rule for which the above case is cited is also stated in Johnson v. State, Fla.App.1960, 118 So.2d 806, which was an opinion of this court. This case, like the Coker case, treats of the situation where the prosecuting witness is the sole witness of the material facts. The appellant raises some other points, which have not been overlooked, but which do not have merit.
The judgment is affirmed.
KANNER, J., and OGILVIE, CLAUDE, Associate Judge, concur.