397 So.2d 335 (1981)
Chester COXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. OO-437.
District Court of Appeal of Florida, First District.
April 7, 1981.
Rehearing Denied May 13, 1981.
L.S. Selvey, II, Tallahassee, for appellant.
*336 William Meggs, David P. Gauldin, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Appellant Coxwell appeals his conviction for the first degree murder of his wife. He seeks reversal based upon his contentions that the trial judge erred (1) in denying his motion to transfer the case from Leon County back to Liberty County, where the offense was committed; (2) in denying his requested jury instruction on the offense of criminal solicitation, Section 777.04(2), Florida Statutes; and (3) in admitting, over his objection, testimony of conversations between appellant and two other persons. We find no reversible error, and affirm.
The conviction here appealed arose from appellant's second trial for the same offense. His first degree murder conviction in the first trial was reversed because of error in restriction of cross-examination of a key prosecution witness. Coxwell v. State, 361 So.2d 148 (Fla. 1978). Prior to his first trial, appellant succeeded in obtaining a change of venue from Liberty County to Leon County, based upon his contention that he could not get a fair and impartial trial in Liberty County because of adverse pretrial publicity. On remand, appellant moved the trial court to change venue back to Liberty County, grounding his motion upon the sole contention that he had a constitutional right to be tried in Liberty County, where the offense occurred, pursuant to Article I, Section 16, Florida Constitution. His motion for removal of the trial back to Liberty County was denied by the trial court on the premise that appellant had waived his right to have the trial in Liberty County when he moved for a change of venue to Leon County. We agree with the trial court's conclusion.
When a change of venue is granted at the request of the defendant, he waives his right to trial in the county where the crime was committed. Ashley v. State, 72 Fla. 137, 72 So. 647 (1916); Hewitt v. State, 43 Fla. 194, 30 So. 795 (1901). Further, when a change of venue is granted in any criminal case, the county to which the cause is transferred becomes the county in which the accused is constitutionally entitled to trial. Turner v. State, 87 Fla. 155, 99 So. 334 (1924). Furthermore, a reversal for errors committed during the trial has the effect, upon remand, of leaving the case standing at the point of selecting a jury for a new trial, and appellant cannot now be heard to complain on matters of venue. Kaminski v. State, 72 So.2d 400 (Fla. 1954); and see also State v. Adjmi, 170 So.2d 340 (Fla. 3rd DCA 1964). Appellant does not argue here and did not assert in his motion that trial in Leon County would or did prejudice him in any way. We accordingly hold that there was no error in refusing to grant his motion to send the case back to trial in the same county from whence it came, being the same county in which appellant had previously contended he could not receive a fair trial.
In his second point, appellant argues that the trial judge should have given a jury instruction on the offense criminal solicitation. He contends that the charge contained in the indictment, murder in the first degree, encompasses the lesser offense of criminal solicitation. He further maintains that although there was evidence from which the jury could have concluded that appellant was guilty of criminal solicitation, the jury could also have concluded that Kilpatrick, the actual perpetrator of the crime, did not kill the victim Mrs. Coxwell as a result of appellant's request, but at the request or enticement of Judy Barnes, or even that he committed the homicide because he was angry with the victim because of her racial remarks.
We hold that the trial judge did not err in refusing the jury instruction on criminal solicitation. First, we disagree with appellant's argument that criminal solicitation is a lesser included offense in this case. The indictment charged murder in the first degree, and the evidence produced by the state in support of that charge established, when viewed in the light most favorable to the state, that Kilpatrick's commission of the homicide was done as a consequence of the counsel, procurement or instigation of appellant. Under this evidence appellant was a principal in the first degree, *337 and could be and was properly found guilty of the offense of murder in the first degree as charged. One who successfully solicits another to commit a crime is guilty of the offense committed. Perkins, Criminal Law, 2d Edition, "Solicitation," at page 582.
Secondly, although the witness Kilpatrick testified in an earlier deposition that overtures had been made to him by Judy Barnes to kill Mrs. Coxwell, at the trial he denied the truth of such prior statements and denied even knowing Judy Barnes. Judy Barnes testified that she had no knowledge of or association with Kilpatrick. We think a jury issue was presented solely on the issue of whether appellant counseled or procured the killing of his wife.[1] Since the state carried its burden of proving the fact of a criminal connection between appellant and the actual perpetrator, and that the crime was committed by the counsel, procurement or instigation of appellant, the evidence established appellant's guilt of murder, not criminal solicitation. Compare Lee v. Tucker, 37 So.2d 582 (Fla. 1948).
Here, as in Martin v. State, 342 So.2d 501 (Fla. 1977), the death of the victim was not an issue, but an incontrovertible fact (Id. at 502). Accordingly, the trial court was under a duty to instruct only on all degrees of murder, manslaughter, and justifiable and excusable homicide. The trial judge here actually went further, and instructed on the attempt to commit each of the unlawful homicide offenses. As pointed out by the state, had the jury been inclined to grant a "jury pardon" by conviction of a lesser offense, the jury could have returned a verdict of attempted murder, which, like the offense of criminal solicitation, is a first degree felony. However, our decision is not based upon the giving of the attempt instructions, but upon the ground that the criminal solicitation instruction is not required where the homicide has actually been committed.
Finally, there was no error in the admission of testimony by Judy Barnes that on an occasion prior to appellant's alleged counselling or procuring the death of his wife, she (Judy Barnes), appellant, and one Tom Melton (not a witness at the trial) engaged in a conversation in which appellant offered Melton money to kill Mrs. Coxwell. The admissibility of this testimony does not depend, as appellant contends, upon the establishment of any conspiracy between appellant and Melton. The evidence was admissible as an exception to the hearsay rule to show appellant's then existing state of mind toward his wife. Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979)[2].
The judgment of conviction and sentence are affirmed.
SHAW and WENTWORTH, JJ., concur.
NOTES
[1] "That a person committed a crime other than the one he is charged with is not a legal defense requiring a jury instruction." Palmes v. State, 397 So.2d 648 (Fla. 1981).
[2] Although the Florida Evidence Code, Chapter 90, Florida Statutes (effective July 1, 1979), would not be applicable since this case was tried before its effective date, we note that under Section 90.801(1)(c) appellant's statements would not technically be "hearsay," and would in any event be admissible under Section 90.803(3)(a)(1) or (2), to prove state of mind.