VILLANTI, Judge.
 

 The State appeals the trial court’s order dismissing the charge against Keith Ko-tecki based upon the trial court’s belief that Manatee County was the only proper venue. We reverse because Kotecki waived the right to be tried in Manatee County and, therefore, the trial court erred in dismissing the charge against him.
 

 The State originally filed an information in Manatee County charging Kotecki with unlawful sexual activity with a minor. After filing the information, the State took the victim’s deposition. Without going into unnecessary details, the record is clear that the victim’s testimony about where and when the sexual activity occurred was equivocal. She testified that she and Kotecki had sexual relations only once while she was a minor, at her mother’s house which was located in the City of Sarasota. She stated that the mother’s home was in Sarasota County, although the house was really in Manatee County. But she also answered “I don’t remember,” “I’m not too sure,” or “I really don’t know” when asked how many times and where she and Kotecki had other sexual intercourse.
 

 Based on the victim’s equivocation, the State amended the information to allege alternative counties — Manatee County and Sarasota County — as the venue where the sexual acts occurred. Thereafter, Ko-tecki’s counsel asked the Manatee County trial court for a venue transfer to Sarasota County explaining, “Mr. Kotecki informs me that if he has a choice, he wants to choose Sarasota.” The court granted Ko-teeki’s request and transferred the case to Sarasota County.
 

 After the transfer from Manatee County, Kotecki moved the Sarasota court to dismiss the charge, arguing that the victim’s deposition established that the crime had occurred in Manatee County, not Sarasota County. The State responded that it was unaware of in which county the sex act or acts actually occurred when it filed the amended information. After reviewing the victim’s deposition, the Sarasota court granted Kotecki’s motion to dismiss. However, the court then declined to transfer the case back to Manatee County based on the language of section 47.131, Florida Statutes (2010), which reads:
 

 Change of venue; second change, when permitted. — When it appears to the court to which an action has been transferred by a change of venue that any of the grounds for change of venue exist in the county to which the action has been transferred, the court may order a second change of venue,
 
 but it shall not be made to the county from which it was originally transferred.
 

 
 *1152
 
 (Underlined emphasis added.) This appeal followed.
 

 The State persuasively argues, and Kotecki concedes, that section 47.131 does not apply to criminal cases. Chapter 47 covers topics such as venue in civil actions against contractors and corporations and actions on promissory notes.
 
 See
 
 §§ 47.011, .021, .051-061;
 
 see also
 
 § 47.122 (“For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any
 
 civil
 
 action to any other court of record in which it might have been brought.”) (emphasis added). A different statute, section 910.03, Florida Statutes (2010), covers venue in criminal trials. Therefore, the trial court should not have applied section 47.131 as a justification for not transferring venue.
 
 [1]
 

 As a general principle, a transfer, rather than dismissal, is the preferred remedy for improper venue.
 
 Bush v. State,
 
 945 So.2d 1207, 1214-15 (Fla.2006). Furthermore, the State’s amended information was not improper based on the facts of this case. While it is true that, other than the geographical proximity between Manatee and Sarasota counties, there is no
 
 specific
 
 evidence in the record pointing to Sarasota County as the place where Kotecki and the victim had sex, the victim was vague and evasive regarding where she and Kotecki had intercourse. Article I, section 16(a) of the Florida Constitution states:
 

 If the county [where the crime was committed] is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties the trial will take place.
 

 (Emphasis added.) Here, the victim’s ambivalent testimony allowed the State to file an information that included more than one county, and the State was only required to prove that the crime was committed in the general area alleged. This alternative allegation then allowed Kotecki to elect to have the case tried in Sarasota County.
 

 It is well established that venue is a privilege that can be waived.
 
 Lane v. State,
 
 388 So.2d 1022, 1026 (Fla.1980). When a defendant requests and obtains a change of venue, he waives the right to be tried in the transferring county even if this was where the crime was committed.
 
 See
 
 § 910.03(1) (“By his or her election, the accused waives the right to trial in the county in which the crime was committed. Such election shall have the force and effect of the granting of an application of the accused for change of venue from the county in which the offense was committed to the county in which the case is tried.”);
 
 Bundy v. State,
 
 455 So.2d 330, 339 (Fla.1984) (holding that defendant waived right to be tried in county where crime occurred when he asked for a change of venue),
 
 abrogated on other grounds, Fenelon v. State,
 
 594 So.2d 292 (Fla.1992);
 
 Ashley v. State,
 
 72 Fla. 137, 72 So. 647, 648 (1916);
 
 see generally Dean v. State,
 
 414 So.2d 1096, 1098-99 (Fla. 2d DCA 1982) (holding that defendants waived right to challenge venue when they entered pleas in Manatee County even though they were aware that they had a right to be tried in DeSoto County where the crime had occurred);
 
 McClellion v. State,
 
 858 So.2d 379, 382
 
 *1153
 
 (Fla. 4th DCA 2003) (“Clearly a defendant could have waived the venue problem by agreeing to a trial of all of the crimes in Broward County[.]”). By requesting and obtaining a change of venue to Sarasota County, Kotecki waived the right to be tried in Manatee County.
 

 Reversed and remanded.
 

 DAVIS and LaROSE, JJ., Concur.
 

 [1]
 

 . In fact, even if section 47.131 were applicable to criminal cases, the statute allows a transfer back to the court which originally transferred the case when “the initial trans-feror court is the only court in the state where venue is lawful.”
 
 See Lottinger-Serraes v. Serraes,
 
 774 So.2d 959, 961 (Fla. 1st DCA 2001).