ED BAKER, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

1. Where a verdict of murder in the first degree is assailed in the appellate court on the ground of the insufficiency of the evidence, facts and circumstances from which the jury could have found all the essential elements of the crime alleged

must appear from the evidence contained in the bill of exceptions and incorporated in the duly certified transcript of the record or a new trial will be granted.

2. In a prosecution for murder in the first degree charged to have been committed from a premeditated design to effect death, and there are no facts and circumstances in evidence from which the formation of the alleged premeditated design may be found, a verdict of murder in the first degree should be set aside and a new trial granted upon proper proceedings duly taken.

This case was decided by Division A.

Writ of Error to the Circuit Court for Clay County.

The facts in the case are stated in the opinion of the court.

*L. E. Wade,* for plaintiff in error.

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—The plaintiff in error, Ed Baker, was indicted for the murder of Will Hutchins in the circuit court for Clay county. When arraigned he entered a plea of not guilty. Upon the trial the jury returned a verdict of murder in the first degree. A motion for new trial was made upon the grounds that the verdict is (1) contrary to law; (2) contrary to the evidence; (3) contrary to the weight of the evidence; (4) contrary to the charge of the court. "5. The jury failed to distinguish and separate the testimony showing the assault upon Will Benson and the testimony as to the shooting of the deceased by defendant which prejudiced the defendant and improperly influenced the jury." This motion was overruled and an exception taken. On writ of error to the judgment sentencing

the accused to death he assigned the following errors: (1) overruling motion for new trial; (2) the verdict is contrary to law; (3) the verdict is contrary to the evidence and the weight of the evidence; (4) the verdict is contrary to the charge of the court; (5) the evidence is insufficient to warrant a verdict of murder in the first degree.

As presented here the only question for determination is the sufficiency of the evidence to sustain the verdict. From the testimony as shown in the transcript it appears that the accused and one Will Benson engaged in an altercation over a game of cards, during which the accused shot at Benson, who, taking a pistol from some one near by, shot several times in return. The accused in retiring from the scene "whirled" or "wheeled" and fatally shot the deceased, Will Hutchins, a "partner" and "friend" of Benson, who was coming towards the place of the difficulty.

It is contended that the evidence shows the fatal shot could not have been fired by the accused, but that it could have been fired by Will Benson who was shooting at the accused.

Two witnesses for the state testified that in leaving the place of the difficulty the accused shot back at Will Benson, and that as the deceased was coming towards the scene of the shooting they saw the accused shoot deceased who fell mortally wounded by a shot in the jaw and neck. This is corroborated by the witness for the defense. There is testimony to indicate that the deceased was coming from a direction that would not put him in line with shots fired at the accused by Will Benson, and there is testimony that all the shots fired by Will Benson "went way up high." There is no testimony that the accused was shot, but there is testimony that at least one shot fired by the accused struck near

Will Benson. The evidence does not sustain the contention that the fatal shot was fired by Benson.

The indictment charges that the defendant with a pistol shot killed Will Hutchins from a premeditated design to effect his death.

The statute provides that "the unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary, shall be murder in the first degree, and shall be punished with death."

Where an assignment of error based upon the insufficiency of the evidence to sustain a verdict of murder in the first degree is properly presented to the appellate court, and the evidence in the transcript does not warrant a finding that the defendant is guilty beyond a reasonable doubt of the offense alleged in the indictment a new trial will be granted.

In order to sustain a verdict of murder in the first degree when it is assailed on the ground of the insufficiency of the evidence, facts or circumstances from which the jury could have found all the essential elements of the crime of murder in the first degree as alleged in the indictment must appear from the evidence contained in the bill of exceptions and incorporated in the duly certified transcript of the record.

If the facts or circumstances in evidence do not justify the jury in finding therefrom all the essential elements of the crime as stated in the verdict a new trial will be granted.

In a prosecution for murder in the first degree where there are no facts or circumstances in evidence from which the formation of the premeditated design alleged, may be found, a verdict of guilty of murder in the first degree will be set aside and a new trial granted.

In order to sustain a verdict of murder in the first degree under the indictment in this case the facts and circumstances in evidence must be such that the jury would have been justified in finding from such facts and circumstances that the accused killed the deceased from a premeditated design to effect his death. The testimony in the transcript does not show that the accused ever knew or saw the deceased before the latter appeared while the acused was engaged in a pistol altercation with one Benson. It appears that during this altercation the accused in leaving the scene of the difficulty "whirled" or "wheeled" and fatally shot the deceased as he approached the scene without anything in the evidence to show a purpose on the part of the accused to kill the deceased, except the shooting at him under circumstances that do not indicate a premeditated design to effect. the death of the person killed as alleged in the indictment.

This being the conclusion drawn from a careful consideration of the evidence as presented in the transcript, the judgment of conviction of murder in the first degree must be reversed, and it is so ordered.

SHACKLEFORQ, C. J., and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.