BEN SMITHIE, *alias* BENNIE SMITHIE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 28, 1922.

1.  Where a verdict of murder in the first degree is assailed in the appellate court on the ground of the insufficiency of the evidence, facts and circumstances from which the jury could have found all the essential elements of the crime alleged must appear from the evidence contained in the bill of exceptions and incorporated in the duly certified transcript of the record or a new trial will be granted.

2. Premeditated design to effect death is an essential element of the crime of murder in the first degree, and where the evidence offered is insufficient to establish this element of the crime a judgment upon a verdict finding the defendant guilty of murder in the first degree will be reversed.

A Writ of Error to the Circuit Court for Lafayette County; M .F. Horne, Judge.

Reversed.

*W. P. Chavous,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging murder in the first degree by shooting "from a premeditated design to effect the death of "L. T. Walker, the plaintiff in error was found "guilty of murder in the first degree with recommendation to mercy," and under the statute was sentenced to life imprisonment. On writ of error the only question presented is the sufficiency of the evidence to sustain a verdict of murder in the first degree. While the sentence is to life imprisonment, the conviction is of murder in the first degree, to sustain which, on this record, there must be facts and circumstances adduced in the evidence from which the jury may lawfully have drawn an inference that the alleged homicide was "perpetrated from a premeditated design to effect the death of" a human being.

Where a verdict of murder in the first degree is assailed in the appellate court on the ground of the insufficiency of the evidence, facts and circumstances from which the jury could have found all the essential elements

of the crime alleged must appear from the evidence contained in the bill of exceptions and incorporated in the duly certified transcript of the record or a new trial will be granted. Baker v. State, 54 Fla. 12, 44 South, Rep. 719.

Premeditated design to effect death is an essential element of the crime of murder in the first degree, and where the evidence offered is insufficient to establish this element of the crime a judgment upon a verdict finding the defendant guilty of murder in the first degree will be reversed. Richardson v. State, 80 Fla. 634, 86 South. Rep. 619.

There is evidence that the plaintiff in error fired the fatal shot, but there are no substantial facts or circumstances indicating that it was done "from a premeditated design to effect the death of" the decedent, therefore a new trial should have been granted.

Reversed.

BROWNE, C. J. AND TAYLOR, J., concur.

ELLIS, J. AND WEST, J., dissent.