ALFRED TOWNSEND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 13, 1928.

*A. Lee Humphreys* and *Stafford Caldwell,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

PER CURIAM.—Upon an indictment charging murder in the first degree by inflicting mortal wounds ''from a premeditated design to effect the death of'' the deceased the plaintiff in error was found ''guilty of murder in the first degree'' and recommended to the mercy of the court, and under the statute was sentenced to life imprisonment. While the sentence is to life imprisonment, the conviction is of murder in the first degree, to sustain which, on this record, there must be facts and circumstances adduced in the evidence from which the jury may lawfully have drawn an inference that the alleged homicide was ''perpetrated from a premeditated design to effect the death of'' a human being.

Where a verdict of murder in the first degree is assailed in the appellate court on the ground of the insufficiency of the evidence, facts and circumstances from which the jury could have found all the essential elements of the

crime alleged must appear from the evidence contained in the bill of exceptions and incorporated in the duly certified transcript of the record, or a new trial will be granted. Baker v. State, 54 Fla. 12, 44 South. 719.

Premeditated design to effect death is an essential element of the crime of murder in the first degree, and where the evidence offered is insufficient to establish this element of the crime, a judgment upon a verdict finding the defendant guilty of murder in the first degree will be reversed. Richardson v. State, 80 Fla. 634, 86 South. Rep. 619; Smithie v. State, 84 Fla. 498, 94 South. Rep. 156.

In a conviction for murder in the first degree, where the evidence as to the identity of the accused as being the guilty party is not satisfactory, a new trial should be granted. Nims v. State, 70 Fla. 530, 70 South. Rep. 565; Platt v. State, 65 Fla. 253, 61 South. Rep. 502; Davis v. State, 76 Fla. 179, 79 South. Rep. 450; Watson v. State, 85 Fla. 383, 95 South. Rep. 861; Asher v. State, 90 Fla. 75, 105 South. Rep. 140. See also Ming v. State, 89 Fla. 280, 103 South. Rep. 618.

In view of the nature of the evidence as to the identity of the person who committed the offense and as to premeditated design, a new trial should be granted and it is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion and judgment.

STRUM, J., not participating.