NAOMI KUHN JOHNSÓN, formerly NAOMI KUHN, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed December 28, 1929.

*Zewadski & Pierce,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.—The evidence entirely fails to establish the fact that the accused in any manner participated in the alleged robbery out of which resulted this prosecution. There is no evidence that the plaintiff in error here either conspired with others to commit the robbery, if robbery was committed, that she took any part in the robbery or in any manner aided those who did participate in the robbery. The person who is alleged to have been robbed, who was the only witness to testify in behalf of the State in regard to the actual robbery, testified that this plaintiff in error took no part in it.

This Court has repeatedly held in criminal cases that where the evidence relied upon to establish some essential element of the offense was not satisfactory a reversal should be ordered. This does not mean that the Court will assume to determine the weight and credibility of conflicting testimony when the facts sought to be established by the evidence are complicated or contradictory requiring a consideration of the character, integrity or probity of witnesses whose testimony it is the province of the jury to compare and weigh, but it means that where there is such a lack of evidence tending to establish a material fact as to indicate that the jury has not been governed in its findings by substantial evidence of the existence of such material fact, a reversal should be awarded. See Nims v. State, 70 Fla. 530, 70 So. R. 565; Fuller v. State, 92 Fla. 873, 110 So. R. 528; Ming v. State, 89 Fla. 280, 103 So. R. 618; Platt v. State, 65 Fla. 253, 61 So. R. 502; Townsend v. State, 95 Fla. 139, 116 So. R. 7; Coker v. State, 83 Fla. 672, 93 So. R. 176; Knowles v. State, 86 Fla. 270; 97 So. R. 716; Davis v. State, 76 Fla. 179, 79 So. R. 450; Troop v. State, 123 So.

R. 811; Davis v. State, 107 So. R. 245. Also see Parrish v. State, decided at this term of Court.

For the reasons stated the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and udgment.