ROBERT A. BURKE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed March 13, 1930.

546

*G. C. Durrance* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—In this cause Mr. Chief Justice TERRELL, Mr. Justice ELLIS and Mr. Justice STRUM are of the opinion that the judgment of the Circuit Court should be affirmed, while Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the said judgment should be reversed. When it appears that the members of the court are permanently and equally divided in opinion as to whether a judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed. Therefore, it is considered, ordered and adjudged that the judgment of the Circuit Court in this cause be and the same is hereby affirmed on the authority of State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. R. 51.

TERRELL, C. J. AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

BUFORD, J.—In this case the plaintiff in error was convicted of manslaughter while his co-defendant was convicted of murder in the second degree, both under an indictment charging them jointly with murder in the first degree. The evidence shows beyond a doubt that the deceased person, whose death is the subject of the prosecution, was shot and killed by the co-defendant Henderson. The evidence fails to show that Burke had anything whatever to do with the shooting or that there was any pre-arrangement or collusion between Burke and Henderson in regard to the difficulty. There is evidence which tends to prove that

after the shot was fired Burke and Henderson both engaged in a fight with the wounded man; that Burke struck him with his fist, while Henderson struck him with a pistol, but death did not result from either of the blows delivered by Burke or by Henderson, but did result from the wound inflicted by Henderson immediately before Burke became involved in the difficulty.

In Troop v. State, 123 So. R. 811, this Court say:

"It is a well established general rule in this Court that when the propriety of a verdict depends upon the credibility of conflicting testimony, and when the facts in evidence are complicated or contradictory, requiring a consideration of the character, integrity or probity of witnesses whose testimony it is necessary to compare and weigh, the verdict of the jury will not be set aside as against the weight of the evidence unless the evidence preponderates so strongly against the verdict that the court can not conclude that such verdict was the result of a due consideration of the evidence.

"Exceptions to this rule, however, have been previous recognized by this court in criminal cases where the evidence as to the identification of the accused as being the guilty party, or the evidence relied upon to establish some essential element of the offense was not satisfactory. See Nims v. State, 70 Fla. 530, 70 So. R. 565; Fuller v. State, 92 Fla. 873, 110 So. R. 528; Ming v. State, 89 Fla. 280, 103 So. R. 618; Platt v. State, 65 Fla. 253, 61 So. R. 502; Davis v. State, 76 Fla. 179, 79 So. R. 450; Townsend v. State, 95 Fla. 139, 116 So. R. 7; Coker v. State, 83 Fla. 672, 93 So. R. 176; Knowles v. State, 86 Fla. 270, 97 So. R. 716;

Under authority of the opinion in the cases above cited, we feel that justice demands a reversal of the judgment in this case because of the lack of satisfactory evidence to establish the fact that the defendant was in any way responsible for or was an accessory to the infliction of the wound which resulted in death.

WHITFIELD AND BROWN, J. J., concur.

TERRELL, C. J. AND ELLIS AND STRUM, J. J., dissent.