JOHN HAMMOCK and C. R. MURRAY, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed May 15, 1930.

*W. P. Chavous,* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiffs in error were convicted of the larceny of a cow. There appears to be sufficient evidence to sustain the verdict against John Hammock. The contention made by plaintiffs in error that the evidence is not sufficient to sustain the verdict against C. R. Murray appears to be well founded. The uncontradicted evidence is that Murray directed a negro by the name of Louis Young to go to Hammock and get him to assist Young in butchering a cow that belonged to Murray which he would find at a certain place. The negro was further directed by Murray to take the cow and deliver the cow after it was killed to Osteen who conducted a market in Mayo. It further appears that the negro and Hammock killed six cows instead of one and that one of the six cattle killed bore the brand which was recognized as the brand belonging to Murray. A hide bearing such brand was found at the place where the cattle were butchered some days after the cattle had been butchered. Murray was not present when any of the cattle were killed. When the cattle were killed one cow and one hide were delivered to Osteen for Murray but the evidence is that Murray had seen neither the cow nor the hide after it was butchered and that if it was not his cow which was delivered by

Young and Hammock to Osteen that Murray was without any knowledge or information as to that fact.

The beef of one cow was delivered to Osteen and Murray received pay for same. There is no evidence to show that Murray had any reason to believe that the beef for which he received pay from Osteen was the property of Brumley, whose cow was alleged to have been stolen.

The other cattle butchered were delivered to Clayton Howard by Hammock. They were paid for by check to Hammock and he testified that he kept the money and that Murray had never made any demand on him for any part of it.

We think that the evidence in this case is sufficient to create a bare suspicion against Murray.

In Troop v. State, opinion filed August 1st, 1929, reported 123 So. R. 811, this Court say:

"It is a well established general rule in this Court that when the propriety of a verdict depends upon the credibility of conflicting testimony, and when the facts in evidence are complicated or contradictory, requiring a consideration of the character, integrity or probity of witnesses whose testimony it is necessary to compare and weigh, the verdict of the jury will not be set aside as against the weight of the evidence unless the evidence preponderates so strongly against the verdict that the Court can not conclude that such verdict was the result of a due consideration of the evidence. Exceptions to this rule, however, have been previously recognized by this Court in criminal cases where the evidence as to the identification of the accused as being the guilty party, or the evidence relied upon to establish some essential element of the offense was not satisfactory. See Nims v. State, 70

1122

Fla. 530, 70 So. R. 565; Fuller v. State, 92 Fla. 873, 110 So. R. 528; Ming. v. State, 89 Fla. 280, 103 So. R. 618; Platt v. State, 65 Fla. 253, 61 So. R. 502; Townsend v. State, 95 Fla. 139, 116 So. R. 7; Coker v. State, 83 Fla. 672, 93 So. R. 176; Knowles v. State, 86 Fla. 270, 97 So. R. 716; Davis v. State, 76 Fla. 179, 79 So. R. 450.

Under authority of the opinions in the cases above cited, we feel that justice demands a reversal of the judgment against Murray in this case, because of lack of satisfactory evidence to establish material elements of guilt.

It is ordered that the judgment against Hammock be affirmed and that the judgment against Murray be reversed.

Affirmed, as to Hammock.

Reversed, as to Murray.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.