GEORGE COURSON v. STATE.

151 So. 383.

Division A.

Opinion Filed December 5, 1933.

C. A. Avriett, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the Defendant in Error.

PER CURIAM.—George Courson and Soloman Higginbotham were jointly indicted in Duval County for murder

in the first degree. A joint trial resulted in a verdict of guilty of manslaughter against Courson who was sentenced to twenty years imprisonment in State prison. Higginbotham, tried at the same time on the same evidence, was acquitted.

Courson was captain of a State convict camp. The State's contention, under its evidence, was that a convict in Courson's camp by the name of Arthur Maillefert, was killed through culpable negligence of Courson, the captain, and of Higginbotham, a convict guard, while inflicting disciplinary punishment on Maillefert in a punishment cell referred to as a "sweat box," which was designed to be used for the close confinement of unruly convicts.

A careful study of the record has convinced a majority of the Supreme Court that, in view of the jury's acquittal of Higginbotham, the guard, whose guilt was as much, if not more demonstrated by the evidence upon which the prosecution relied for conviction, than is that of Courson, the captain, who was found guilty, the ends of justice will be best subserved by awarding Courson a new trial, where his case can be reconsidered by another jury in the light of the charge made in the indictment as it will stand against Courson alone upon remand of the cause for further proceedings to be had in the criminal court of record on a charge of manslaughter.

Where a verdict in a criminal case acquitting one and convicting another appears to have been arrived at with reference to the convicted defendant, by considerations outside the evidence, as reflected in the verdict found which appears to be irreconcilable with the State's theory of the evidence, a new trial should be awarded in order that the conviction of the one defendant may not be left shrouded in any uncertainty or doubt as to whether the accused has been fairly

dealt with in the jury's understanding and weighing of the evidence as to him, according to the rules by which evidence is required to be weighed. Hammock, *et al.,* v. State, 99 Fla. 1119, 128 Sou. Rep. 267.

Reversed and remanded for appropriate proceedings for a new trial on a charge of manslaughter.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

BROWN, J., not participating because of illness.