JEFF BROCK v. STATE.

153 So. 900.
Division B.
Opinion Filed March 21, 1934.

A. W. Weeks and Philip D. Beall, for Plaintiff in Error:

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

BUFORD, J.—In this case the defendant was convicted with another of armed robbery. The evidence is conflicting.

The record shows that an elderly couple were robbed at a place between Cottondale and Panama City in Bay County.

Burle Clark was a co-defendant. He admitted his guilt.

The record also shows that Clark was guilty of other violations of the law. Clark testified that Brock participated in the robbery but as against his testimony the defendant produced one Tom Davis of Chipley, Florida, who testified positively that Jeff Brock was in Chipley at the identical time at which Clark testified that Brock was at some other place far away from Chipley in company with him. Davis operated a cold-storage plant and to corroborate his testimony he produced a check ticket or card, which had been attached to identify a piece of meat kept in the cold-storage plant and belonging to Brock and which ticket showed that the meat had been withdrawn from the cold-storage plant on the day that the robbery was committed and Davis testified that he delivered this meat to Brock at the cold-storage plant in Chipley on the afternoon of that day and at a time when Clark testified that Brock was with him at another place. The two statements could not both be true. Mrs. Brock also testified that she went with her husband to Chipley at the time when he received the meat from the cold-storage plant and that she was with him during the whole of the afternoon and that he was not with Clark at any time that afternoon.

The record shows that Mr. Leggon and his wife were the persons robbed.

The record shows that they both failed to identify Brock when he was brought into their presence for identification after his arrest and prior to trial. But, on the other hand, that Mr. Leggon positively identified Henry Farrior, who was formerly Sheriff of Washington County and is now Deputy Sheriff of Bay County, as the man who was with Clark and committed the robbery, and that Mrs. Leggon at that time said that Farrior looked like the man. Upon this occasion Farrior was with Brock and in the presence of the

Sheriff of Bay County. There was no other intimation that Farrior was present or had anything to do with the robbery. He just happened to be present with the Sheriff of Bay County and the sheriff's son when Brock was brought from the jail into the presence of the alleged victims and the Sheriff of Bay County asked the Leggons if either of the men was the man who participated in the robbery. Then it was that Mr. Leggon identified Farrior as the robber and Mrs. Leggon, while she would not say positively that Farrior was the man, said he looked like the man. But on that occasion neither of them in any manner intimated that Brock was the man.

So we take it that their identification on the stand of Brock was not worthy of any credence and to sustain the verdict the State must rely wholly upon the testimony of the witness Clark who admittedly participated in the robbery and also admitted other violations of the law.

For these reasons, we think that the evidence relied upon to establish the essential elements of the offense was not satisfactory and that the judgment should be reversed on authority of the opinions and judgments in the following cases:

Nims v. State, 70 Fla. 530, 70 Sou. 565; Fuller v. State, 92 Fla. 873, 110 Sou. 528; Ming v. State, 89 Fla. 280, 103 Sou. 618; Platt v. State, 65 Fla. 253, 61 Sou. 502; Townsend v. State, 95 Fla. 139, 116 Sou. 7; Coker v. State, 83 Fla. 672, 93 Sou. 176; Knowles v. State, 86 Fla. 270, 97 Sou. 716; Davis v. State, 76 Fla. 179, 79 Sou. 450; Calloway v. State, 152 Fla. 429, 150 Sou. 794.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J. concur.