JOHN PRESTON v. STATE.

156 So. 285.
Division A.
Opinion Filed August 6, 1934.

*R. B. Moseley,* for Plaintiff in Error;

No appearance *contra* on this motion.

DAVIS, C. J.—Preston was tried, found guilty and sentenced for the crime of robbery, the date of sentence being October 11, 1932. New trial was denied on same date and defendant allowed sixty days for presentation of his bill of exceptions, but this was not done. On November 22, 1933, through counsel, Preston filed a motion to vacate, annul and set aside the sentence and judgment for divers reasons for which it was alleged to be void. The motion was denied on December 11, 1933. On December 16, 1933, the Circuit Judge entered an order allowing thirty days in which to file and settle a bill of exceptions.

The motion now before us seeks an order of this Court allowing plaintiff in error to adopt and incorporate in the records of this cause the bill of exceptions before us as a part of the record in the case of Jeff Brock v. State, 114 Fla. 309, 153 Sou. Rep. 900, whereupon the judgment of conviction against Brock was reversed, it being Preston's contention in this case that the evidence in the Preston case is practically identical with that of the Brock case which was reversed.

The motion must be denied for at least two good and sufficient reasons: (1) A bill of exceptions as to facts transpiring *on the trial of* Preston could not have been authorized by the order of December 16, 1933. This order, as we construe it, must be regarded as only authorizing a bill of exceptions concerning what transpired *at the hearing on the motion* filed November 22, 1933, to vacate the judgment. Construed otherwise, the order would be void, as the Circuit Judge had no jurisdiction to provide by special order for an extension of the time for presenting a bill of exceptions, unless such order was duly made during the term at which the trial was completed; (2) there is no authority for our permitting plaintiff in error to adopt and use in the present case the bill of exceptions settled in another and different case, although the facts in both cases are identical.

The purpose of a bill of exceptions is to introduce into the record *of the Circuit Court* matter *in pais* which would otherwise never be made a part of that court's official record. It is only after a bill of exceptions has been first legally made a part of the Circuit Court's record and filed as such in the court below, that this Court can permit its consideration as part of a transcript of such record brought here pursuant to a writ of error to the Circuit Court's judgment.

The Supreme Court is without jurisdiction to grant a motion permitting any paper to be considered as a bill of ex-

ceptions, which has not been either presented to the Circuit Court for its consideration or allowed as such, in one of the forms of law provided for taking and preserving bills of exceptions in the lower court, even though it be established or admitted that the proposed paper is in all respects the equivalent of a legal and proper bill of exceptions in the cause.

Motion denied.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.