LEROY KIMES, v. STATE.

164 So. 517.

Division A.

Opinion Filed December 10, 1935.

*W. P. Chavous,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—Leroy Kimes was indicted, tried and convicted of the felony of breaking and entering a cook room, the property of one W. W. Padgett, with intent to commit petit larceny therein. Jointly indicted with Kimes for the same offense were Jack Smith and J. M. Griffin. Smith was tried and convicted on a joint trial with Kimes, while Griffin was allowed to turn "State's evidence" and secure his immunity from prosecution.

Proof of guilt against Kimes consists almost wholly of the version of the crime as given for the State by defendant Griffin, who was a self-confessed participant in its commission, if not the sole culprit responsible for it. Griffin's testimony was admitted in evidence by the trial judge without his giving to the jury any cautionary instruction as to how it should be received, such as this Court has recently held is required to be submitted to the jury in connection with its admission, when such special cautionary instruction is specially requested to be given at that particular time. See: Bass v. State, 121 Fla. 208, 163 Sou. Rep. 485.

As opposed to the testimony of Griffin, Kimes offered an alibi, the weight and credibility of which was for the determination of the jury under the circumstances, the rule being that proof of an alibi must be sufficient to raise in the minds of the jury a reasonable doubt of the guilt of the

accused. Caldwell v. State, 50 Fla. 4, 39 Sou. Rep. 188; Dees v. State, 99 Fla. 1144, 128 Sou. Rep. 485. However, the jury found the two defendants guilty, so the question for this Court to decide is whether or not *as a matter of law* the jury's verdict should be set aside for a manifest insufficiency of the evidence to support it, even though conflicting. Compare: Wernokoff v. State, 121 Fla. 62, 163 Sou. Rep. 225; Howell v. State, 121 Fla. 326, 163 Sou. Rep. 691.

Our conclusion is that the evidence, while not altogether satisfactory from an evidentiary standpoint, is nevertheless legally sufficient to sustain the verdict and judgment and that therefore the judgment should not be disturbed on that ground alone. Other points have been considered but are not found to constitute grounds for reversal.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL, and BUFORD, J. J., concur in the opinion and judgment.