PER CURIAM.
Defendants are appealing from a judgment finding them guilty of robbery. On the night of April 24, 1965, two men came into one of the 7-Eleven Food Stores in Tampa, announced a “holdup,” took approximately $160.00 from the assistant manager, and fled into an open field across from the store. The assistant manager could not positively identify either man, since each man’s face was covered up with a handlcer-chief-type mask.
Defendants and one William Arthur Sprung were arrested and charged with the robbery. All three entered pleas of not guilty, but later Sprung changed his to guilty. At the trial Sprung testified for the State. He stated that he, his wife, Betty, and the defendants all drove over to the 7— Eleven Store in May’s car and that he and May got out of the car and robbed the store. Sprung’s wife, Betty, also testified for the State and corroborated her husband’s testimony.
*2 The first issue presented in this appeal concerns the admissibility of the testimony of Sprung. Under Florida law the uncorroborated testimony of an accomplice is sufficient to support a conviction if it satisfies the jury of the defendant’s guilt beyond a reasonable doubt. Jalbert v. State, Fla. 1957, 95 So.2d 589; Cash v. Culver, 1959, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557; Land v. State, Fla.1952, 59 So.2d 370; and Varnum v. State, 1939, 137 Fla. 438, 188 So. 346.
Defendants have cited the case of Brock v. State, 1934, 114 Fla. 309, 153 So. 900, which held that the uncorroborated testimony of an accomplice standing alone would not be sufficient to sustain a conviction. The facts of this case are that Clark, who was guilty of other violations of the law, implicated Brock in a robbery. The persons robbed failed to identify Brock and in fact one of the victims positively identified a deputy sheriff as the man who robbed him. At the trial Brock called Tom Davis and Mrs. Brock, who both testified that Brock was out of town and with them when the robbery occurred. These facts can be distinguished from the facts in this appeal. The defendants here offered no alibi concerning their whereabouts when the robbery took place. Brock had an alibi and two witnesses to corroborate it. The person robbed in this appeal could not identify the defendants or anyone else as the robbers. In the Brock case the one victim identified another person as the man who robbed him and the other victim thought it was the same man also but did not make a positive identification.
From the above comparison of facts, it can be seen that the Brock case cannot be used as a precedent in this present appeal. Therefore, the testimony of the accomplice, Sprung, was admissible at the defendants’ trial.
The second issue raised in this appeal concerns the correctness of the instructions to the jury. The defendants object to the following portion of the instructions :
“ * * * While the testimony of an accomplice will sustain a verdict of guilty, even if uncorroborated, yet the testimony of an accomplice must be received with great caution. * * * ”
This same instruction was approved by the Florida Supreme Court in the case of Shiver v. State, 1899, 41 Fla. 630, 27 So. 36. As stated elsewhere in this opinion, Florida law allows the uncorroborated testimony of an accomplice to sustain a conviction. When a conviction is sought on such testimony, the defendant is entitled to have the jury charged that such evidence should be received with great caution. Peterson v. State, 1928, 95 Fla. 925, 117 So. 227; Weiss v. State, Fla.App.1960, 124 So.2d 528; and Cochran v. State, Fla.App.1963, 150 So.2d 249. In this present appeal the judge instructed the jury on Florida law concerning the uncorroborated testimony of an accomplice and also gave a cautionary charge concerning this testimony. Based on the above authorities, there was no error in the charge given.
Even if the instruction were in error, the defendants could not raise it on appeal. The defendants made no objection to the instruction when it was given and did not cite it as error in the motion for new trial or in the assignments of error. In the case of Lutins v. State, 1940, 142 Fla. 288, 194 So. 803, the court held that the reviewing court was not required to consider the question as to the correctness of the trial court’s charge, where there was no objection to the charge, no reference to it in the motion for new trial, and no assignment of error based thereon. See also Fla.Stat., Sec. 918.10(4), F.S.A., and Forceier v. State, Fla.App.1961, 133 So.2d 336. As seen from the above authorities, the general rule is that the failure to voice a timely objection *3 precludes appellate review of the charges concerned.
Finding no error in the record, the judgment appealed from is affirmed.
Affirmed.
SHANNON, Acting C. J., and LILES and HOBSON, JJ., concur.