211 So.2d 604 (1968)
James F. CASON, Appellant,
v.
STATE of Florida, Appellee.
No. 67-483.
District Court of Appeal of Florida. Second District.
May 22, 1968.
Rehearing Denied July 9, 1968.
Kingswood Sprott, Jr., of Sprott & Stokes, Lakeland, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
*605 MANN, Judge.
The silk stocking set visited the lakeside home of Dr. Kenneth Jackson one evening at the dinner hour, entering through an unlocked door. The stockings were pulled down over their faces. Pork-pie hats hid their hair. One of the startled diners said that it was a joke. Demonstrating that the guns in their hands were real, the visitors told them that it was no joke. They were right. It was armed robbery, said the jury, and we affirm the judgment entered on their verdict.
James Cason's appeal rests on two points. He argues that evidence of identification was insufficient. Dr. Jackson positively identified him as one of the robbers. He didn't recognize Cason at first, and the testimony is unclear whether Cason's name came to Jackson's mind unaided or was suggested by an investigator. Nevertheless, Jackson testified that over a period of several years he had talked with Cason by telephone on several occasions and had once heard him address a gathering of physicians. Though the robbers attempted to disguise their voices, Jackson positively identified Cason's voice. The human voice has identifiable characteristics, and an accused person may be identified by voice. Mack v. State, 1907, 54 Fla. 55, 44 So. 706, 13 L.R.A.,N.S., 373.
Of course the courts must be zealous to insure that retrial is granted in those cases where the evidence of identification is so inconclusive that submission to a second jury seems just under the circumstances. Troop v. State, 1929, 98 Fla. 385, 123 So. 811; Clark v. State, 1929, 98 Fla. 874, 124 So. 446; Brock v. State, 1934, 114 Fla. 309, 153 So. 900. But the evidence in this case is far stronger than that in Ray v. State, 1947, 159 Fla. 101, 31 So.2d 156, 172 A.L.R. 726, which was held sufficient.
Appellant's second contention is that his motion for severance should have been granted. If there had been evidence directed against a co-defendant which was prejudicial against Cason, this argument would be sound. Suarez v. State, 1928, 95 Fla. 42, 115 So. 519. But there was not. The evidence was of a single episode undertaken by these co-defendants. Cason, not the court, chose his company, and the court properly tried them together. Sawyer v. State, 1931, 100 Fla. 1603, 132 So. 188.
Affirmed.
LILES, C.J., and ALLEN, J., concur.