PER CURIAM.
Appellant-defendant Stuart Kellerman, a jeweler, seeks review of the judgments of conviction for breaking and entering and for grand larceny entered in a jury trial and the four year sentence imposed. An information was filed charging appellant with these crimes as an aider and abettor under § 776.011, Fla.Stat.1969, F.S.A.[1] He *557 was not charged with buying, receiving or concealing stolen property under § 811.16, Fla.Stat.1969, F.S.A.
Appellant contends: (1) under the law of Florida, the uncorroborated testimony of an alleged accomplice or accomplices is not sufficient, in the absence of any other evidence to link the defendant to the crime, to form the legal predicate for a jury finding that the guilt of the defendant has been established beyond a reasonable doubt; and (2) the trial court erred in refusing to grant defendant a new trial under Rule 3.-600(a) (3), CrPR, 33 F.S.A., in view of newly discovered evidence that the alleged accomplices Rodriguez and Ross had confessed to the commission of a burglary in Coral Gables, Florida, on the same date and at the same time that they were allegedly burglarizing the Fisher home in Miami Beach.
The prosecution arose out of the burglary of the Miami Beach, Florida home of Mr. and Mrs. Fisher between 5:30 and 7:30 P.M., March 2, 1969. Items worth about $5,000 were taken.
Lawrence Ross testified that the Fisher burglary was one of twenty-five to thirty burglaries which he and Clemente Rodriguez committed over about a six months’ period.
The state’s attorney and Ross’ counsel reached the following agreement at the time Ross testified against Kellerman.
“ . . . that in return for Mr. Ross’s testimony under oath against Stuart Kellerman and others, both at the office of the State Attorney, under waiver of his fifth amendment rights against self-incrimination, and to the court and jury, all but one of the twenty nine felony charges currently pending against Mr. Ross shall be dismissed, and Mr. Ross, who shall enter a plea of guilty, shall be placed on probation with the withholding of the adjudication, after said plea of guilty to that one remaining felony charge has been made.
A withholding of the adjudication means that he shall have no felony record. In addition, should the judge who hears Mr. Ross’s plea of guilty not be willing to accept the negotiations per between Mr. Barry Garber and the office of the State Attorney, it has been agreed that all cases will be dismissed against Mr. Ross, inasmuch as Mr. Ross, in order to be a dentist, cannot have a felony conviction.”
Ross further stated that he was fully aware of the agreement and fully understood what might happen to him if he did or did not testify against defendant.
Ross testified that in the middle of February, 1969, he and Rodriguez had a private conversation with defendant at defendant’s office during business hours. Defendant told him that Mrs. Fisher had a large diamond ring which was usually kept on her dresser at her house in Miami Beach, and he gave them the Fisher address and telephone number. They then discussed the possibility of Rodriguez and Ross breaking into the Fisher home and stealing that particular ring. Over objection by defendant, Ross was allowed to testify that the day after the burglary Ross and Rodriguez took the stolen items to the defendant’s place of business and sold them to defendant who was aware that the items had been stolen from the Fishers.
Clemente Rodriguez testified that the Fisher burglary was one of twenty-five to thirty burglaries which he and Ross committed in about a six months’ period. Rodriguez’ attorney and the office of the State Attorney had reached the following agreement at the time he testified against defendant :
“ . . . that in return for Mr. Rodriguez’ testimony, under oath against Stuart Kellerman and others, both at the office of the State Attorney, under a waiver of his fifth amendment rights against self-incrimination, and to the court and to the jury, all but one of the approximately thirty of the felony *558 charges currently pending against Mr. Rodriguez shall be dismissed, and Mr. Rodriguez, who has entered his plea of guilty, shall he placed on probation with a withholding of adjudication on that one remaining felony charge.
A withholding of adjudication means that Mr. Rodriguez shall not have a felony record.”
Rodriguez was fully aware of the above-quoted agreement and its consequences. Rodriguez was not scheduled to appear for sentencing and adjudication on the one count to which he pled guilty until after the defendant’s trial.
Rodriguez’ testimony regarding events culminating in the Fisher burglary and a subsequent visit to defendant’s office, paralleled that of Ross. Rodriguez specifically stated that defendant had no knowledge that he and Ross went to the Fisher home and committed the burglary on March 2, 1969, and that defendant was not personally present with them and did not assist them in any manner in the actual commission of the alleged crime.
Rodriguez admitted that he had been under intensive psychiatric care for mental and emotional problems. A psychiatrist testified that he treated Rodriguez for schizophrenia over a protracted period of time.
In support of his first point concerning corroboration of the testimony of two alleged accomplices, the appellant has relied upon Brock v. State, 114 Fla. 309, 153 So. 900 (1934), particularly the statement at p. 900:
“ . . .to sustain the verdict the state must rely wholly upon the testimony of the witness Clark, who admittedly participated in the robbery and also admitted other violations of the law.
For these reasons, we think that the evidence relied upon to establish the essential elements of the offense was not satisfactory and that the judgment should be reversed . . . ”
To begin with, the evidence adduced corroborated the testimony of the two alleged accomplices. The victims had been customers of the defendant prior to the burglary; the inference is therefore reasonably drawn that defendant had access to their name, address, and phone number and was familiar with their recent purchases, and their credit. Mrs. Fisher discussed with Kellerman certain jewelry items she owned including the five-carat diamond ring that the accomplices testified Kellerman told them about and which they searched for when they broke into the victims’ home. In late February 1969, Kellerman was in immediate need of $10,000.-00 due to his .involvement in a bankruptcy proceeding. In addition, Kellerman’s proof (which included documentary evidence in the form of his store records) of his alibi defense that his store was closed during early March, 1969, and so could not have met with Ross and Rodriguez, was inconclusive, if not inconsistent.
It is sometimes said that the testimony of another accomplice is not sufficient corroboration of the testimony of the first accomplice. 7 Wigmore, Evidence § 2059 (a), p. 326 (3rd ed., 1940). Here, the corroborative evidence may be deemed “slight” and does not confirm the testimony of the two alleged accomplices in every material respect, especially in view of the alibi testimony of Kellerman (which appellant contends places this case squarely within the rule in Brock v. State, supra). We do find corroboration here.
While this should dispose of appellant’s point on appeal, it is not amiss to explore his arguments further. Therefore, we shall assume, for the purposes of further discussion, that the evidence of the two alleged accomplices (a) cannot serve as corroboration for the other’s testimony, (b) no other evidence corroborated their testimony, and (c) that the proof of the *559 alibi defense was internally consistent and controverted the testimony of the alleged accomplices. We further indicate that the jury was the trier of the facts and in returning their verdict of guilty determined the credibility of the witnesses and weighed the evidence presented. The appellant has contended that based on thirteen cases decided prior to 1934, when the Brock case was decided, the rule permitting uncorroborated accomplice’s statements to support guilty verdicts, although frequently stated as principle of law, was never applied because the court was able to discern other evidence supporting the guilty verdicts. We disagree with appellant’s conclusion. In Bacon v. State, 22 Fla. 51, 77-78 and 82 (1886), the Florida Supreme Court first ruled that the following charge was proper:
“ . . . Accomplices in a crime are competent witnesses against a co-perpetrator of the crime, and their evidence should be weighed by the jury, though uncorroborated, and given such -weight as the jury believe it entitled to. If their testimony is corroborated by other testimony it should be entitled to a greater weight than if uncorroborated. While the testimony of accomplices should be received with caution, especially if uncorroborated, still it should not be rejected, if corroborated in every material statement, if the jury believe that it is entitled to any weight. You are the judges of the credibility of the statements of the accomplices, and must give them that weight you believe they should have, on viewing the whole evidence.

As Hattaway v. Florida Power & Light Company, Fla.App.1961, 133 So.2d 101, 103 reminds:
“It is fundamental that the office of jury instruction is to enlighten the jury upon questions of law which are pertinent to the issues of fact submitted to them. The purpose of jury charges is to guide and control the jury in their deliberations so that they may arrive at a verdict which is fairly based on the law and facts of the case. . . . ”
Furthermore, Shiver v. State, 41 Fla. 630, 27 So. 36 (1899) tends toward a conclusion contrary to that advocated by appellant, for that opinion in sustaining the conviction does not recite or allude to evidence corroborating the testimony of the accomplice there. In 1935, the Supreme Court in Kimes v. State, 121 Fla. 866, 164 So. 517, found the corroboration evidence was not satisfactory and the proof of guilt rested almost wholly upon the testimony of the self-confessed principal culprit. Nevertheless the burglary conviction was affirmed.
We have noted that the cases decided after 1934 usually fail to cite or discuss the Brock decision. The Supreme Court has not recently cited Brock. The Second District would distinguish Brock as in Dupree v. State, Fla.App.1967, 195 So.2d 1, 2, cert. den. without opinion, Fla.1967, 201 So.2d 557; cf. Bacon v. State, 22 Fla. 51 (1886) and Kimes v. State, 121 Fla. 866, 164 So. 517 (1935) where an alibi defense was presented; see also: Erler v. State, Fla.App.1970, 241 So.2d 202, 203. Keeping in mind that jury instructions must properly state the law to be applied, attention should be called to the Florida Standard Jury Instructions in Criminal cases, adopted May 27, 1970. In re Standard Jury Instructions in Criminal Cases, Fla.1970, 240 So.2d 472. “Weighing the Evidence — Accomplices” Instruction 2.12(d) is as follows :
“ACCOMPLICE
“When two or more persons take part in the commission of a crime each is an accomplice of all the others.
“The testimony of an accomplice must be received with great caution and carefully and closely examined by you before a conviction is based upon it. This is particularly true when there is neither direct testimony nor circumstances tending *560 to corroborate the testimony of the accomplice. However, the testimony of an accomplice, even though uncorroborated, is sufficient upon which to base a conviction if you are convinced by it of the defendant’s guilt beyond a reasonable doubt.”
The rule is that while the uncorroborated ■ testimony of an accomplice should be received with great caution, nevertheless that testimony, even though uncorroborated, is sufficient to sustain a verdict of guilty, if the jury is convinced by it of the defendant’s guilt beyond a reasonable doubt. This rule is analogous to the rule stated in State v. Sebastian, Fla.1965, 171 So.2d 893, quashing Sebastian v. State, Fla.App.1964, 162 So.2d 706, where the testimony of the arresting officer and of the chemist were sufficient to sustain a conviction, notwithstanding that defendant’s testimony contradicted theirs. Mr. Justice Hobson, for the majority, at p. 895, stated:
“We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellate court to reverse a conviction of guilt upon the basis of insufficiency of the State’s evidence merely because the State produced but one witness and his testimony was contradicted by the defendant.”
Similarly, in State v. Smith, Fla.1971, 249 So.2d 16, 17, quashing Smith v. State, Fla.App. 1970, 239 So.2d 284, the high court firmly re-committed this state to the rule that the testimony of a prosecutrix need not be corroborated in order to sustain a conviction. Accord: Florida Standard Jury Instructions in Criminal Cases, “Rape—Female Over Ten Years of Age,” 2.06 (1967); 7 Wigmore, Evidence § 2061, p. 312 (3rd ed., 1940).
The policy considerations calling for continued adherence to the early common law rule concerning an accomplice’s testimony are amplified in Bacon v. State, 21 Fla. 51, 78-82. These reasons are no less imperative in the 1970’s. To prosecute conspirators and perpetrators of such consensual crimes as narcotics and gambling violations, the testimony of accomplices is indispensable. See: 7 Wigmore, Evidence § 2057, at p. 325 (3rd ed. 1940).
We have examined appellant’s second point with regard to denial of his motion for new trial containing as grounds therefor newly discovered evidence. We express the view that appellant has failed to demonstrate the trial court committed reversible error and abused its discretion.
Therefore, the appellant having failed to sustain his burden of demonstrating reversible error, the judgment and sentence are affirmed.
Affirmed.
BARKDULL, C. J., concurs in the result.

. “776.011 Principal in first degree “Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”