287 So.2d 702 (1973)
Stuart KELLERMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-563.
District Court of Appeal of Florida, Third District.
December 21, 1973.
*703 Stephens & McMillen and Angus M. Stephens, Jr., Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an order denying his motion for post conviction relief pursuant to Cr.PR 3.850, 33 F.S.A.
On June 17, 1971, after a jury trial defendant was found guilty of breaking and entering a dwelling and grand larceny. Thereafter, defendant filed a motion for new trial and as grounds therefor alleged that new and material evidence had been discovered, that the prosecutor had withheld evidence favorable to the defendant, and the new evidence could not reasonably have been discovered before trial and probably would have changed the verdict. The motion was argued before the trial court prior to the sentencing of the defendant. Defense counsel requested a continuance of the hearing which was denied by the trial judge who, nevertheless, permitted him to proffer the newly discovered evidence and stated he would consider any cause shown for setting aside the sentencing. Counsel for the defense then argued that the confessions of the only two state's witnesses (alleged accomplices of the defendant) contained in a Coral Gables police report indicated that they had committed a crime in Coral Gables at the approximate time they testified they had participated with the defendant in the crime for which he had been found guilty. The judge found the proffer of this police report insufficient and stated that if the defense could make a more particular showing, counsel could do it at a future date and thereupon denied the motion for new trial. Thereafter, an appeal was taken to this court, Kellerman v. State, 261 So.2d 555, wherein we affirmed the conviction and also found there was no abuse of the trial judge's discretion in his denial of the motion for new trial. Subsequently, defendant filed a motion to vacate on the grounds of newly discovered material evidence. The trial judge, after hearing arguments of counsel for the respective parties, granted the motion but later reversed himself and reinstated the finding of guilt, judgment and sentence.
On appeal defendant raises two points, the second of which has merit, to wit: the trial court erred in refusing to give defendant an evidentiary hearing on the allegations contained in his petition for post judgment relief.
We first note that in appellant's motion for new trial there was only a proffer of the Coral Gables police report which was found insufficient at the time by the trial judge who, nevertheless, allowed defense counsel to make a more particular showing, if he could do so, at a later date. Thus, in *704 Kellerman, supra, we found only that the trial judge did not abuse his discretion in the above ruling. However, the issues raised here on this appeal were not before us, nor were the allegations contained in appellant's motion for post conviction relief presented for our consideration.
After a review of the record of this appeal, we find defendant's allegations are unrefuted by the record. We, therefore, reverse the cause with instructions to conduct a full evidentiary hearing into the allegations contained in defendant-appellant's motion, determine the issues and make the appropriate findings of fact and conclusions of law with respect thereto. See Rayburn v. State, Fla.App. 1967, 203 So.2d 212.
Reversed and remanded with directions.